FILED

2014 Mar-25  AM 11:25
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | |
|---|---|
| GARY VOKETZ, for himself and on behalf of the citizens of Decatur, Alabama, and the State of Alabama, | ) ) ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CASE NO. CV-14-_____ |
| THE CITY OF DECATUR, ALABAMA, a municipal corporation, THE CITY COUNCIL OF DECATUR, DON KYLE, ROGER ANDERS, BILLY JACKSON, GARY HAMMON, CHARLES KIRBY, and CHUCK ARD, in both their individual and official capacities, | ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Defendants the City of Decatur, Alabama, the defendant designated as "the City Council of Decatur," and Don Kyle, Roger Anders, Billy Jackson, Gary Hammon, Charles Kirby, and Chuck Ard, individually and in their official capacities, pursuant to 28 U.S.C. §§ 1441, 1443 and 1446, hereby remove to this Court the state court civil action captioned above that was filed on February 27, 2014, in the Circuit Court for Morgan County, Alabama as Case No. 2014-CV-900133.  A copy of the process and pleadings served on defendants is attached to this notice as Exhibit A.

A.   <u>Introduction</u>

1.     In this lawsuit plaintiff Voketz demands that the defendants implement a change in the form of city government and in the method of electing members of the Decatur City Council which was approved by referendum in 2010, but was not precleared thereafter under Section 5 of the Voting Rights Act, 42 U.S.C. § 1973c. The change in the form of government would violate the Voting Rights Act, as well as the Fifteenth Amendment; and the Privileges or Immunities Clause and Equal Protection Clause in Section 1 of the Fourteenth Amendment.  Because the change in the form of government for the City of Decatur would, if implemented, be inconsistent with and violate both the Voting Rights Act and the United States Constitution, said defendants have refused to implement such change in form of government.

2.     Currently the City of Decatur has a mayor-council form of government, with five council members elected from single-member districts, one of which has a black voter majority, that was implemented in 1988 pursuant to a consent decree entered in *Dillard v. City of Decatur*, CA No. 87-T-1197-N (M.D. Ala., Nov. 13, 1987), a copy of which is attached hereto as Exhibit B.

3.     The *Dillard* consent decree required the City of Decatur to adopt an ordinance implementing the five single-member council district form of city

2

government pursuant to Ala. Act No. 87-191, Ala. Code § 11-43-63, and provided that the court-ordered plan would remain in effect only until such ordinance was adopted. Accordingly, when the Council districts were redrawn by ordinance in 2004 and were precleared under Section 5 of the Voting Rights Act, the *Dillard* action was dismissed. See Exhibits C and D.

4.     In 2010 a majority of those voting approved a change from the five single-member district plan approved in the *Dillard* litigation to a council-manager form of government pursuant to Ala. Code § 11-43A-1, *et seq*. State law requires that the city council in such a council-manager form of government be composed of two council members elected at large, one of whom serves as mayor and presiding officer, and three council members elected from single-member districts. See Ala. Code § 11-43A-8. State law further requires that each of the single-member districts "contain[] as nearly an equal number of people as possible." Ala. Code § 11-43A-9.

5.     When these changes were submitted to the U.S. Department of Justice for preclearance under Section 5 of the Voting Rights Act, the Chief of the Voting Section on December 19, 2011, sent the Mayor of the City of Decatur a request for additional information regarding the proposed changes in the form of government and method of electing Council members, the decrease in the number of elected officials from six to five, the redistricting plan, and changes in precincts and polling places.

A copy of the request for more information is attached as Exhibit A to the complaint in this case.

6.     Because the additional information requested by DOJ likely would have shown that some or all of the proposed changes to the council-manager form of government would have violated the Voting Rights Act, Decatur withdrew its request for Section 5 preclearance.  In connection with the withdrawal of the request for preclearance, the Decatur City Council passed Resolution No. 12-019 on January 23, 2012.  Resolution No. 12-019 provided, in pertinent part, as follows:

> WHEREAS, the City Council, Mayor and City Staff with the assistance of the general public diligently sought to formulate a City of Decatur Voting District Plan under the provisions of the Council Manager Act of 1982 (State Law) which would meet the requirements of Federal Law;

> WHEREAS, in October 2011 the City submitted to the U.S. Attorney General pursuant to Section 5 of the Voting Rights Act of 1965 a proposed change of government from Mayor-Council to the Council-Manager form of government; the change in the method of election from five single-member districts to three single member districts and two seats on the Council being voted on at large, and the resulting redistricting plan; as all required by the provisions of the Council Manager Act of 1982 (State Law);

> WHEREAS, in December 2011 [ ] the Voting Section of the Civil Rights Division of the Department of Justice who is responsible to review Section 5 submittals informed the City that it was unable based on the information provided to pre-clear the City's submittal for the change in form of government and related items;

WHEREAS, municipalities in the State of Alabama have only the authority granted by State Law to form a particular form of government and the City finds and determines that under the provisions of the Council Manager Act of 1982 (State Law) it is required to divide the city into three voting districts each containing as nearly an equal number of people as possible;

WHEREAS, it is mathematically impossible for the City to have three single-member voting districts with each district containing as nearly an equal number of people as possible that will not have a retrogressive impact on the Black voters of Decatur;

WHEREAS, the Council finds and determines that there is no additional information relating to the present Plan submitted or an alternative three single-member voting district plan authorized by the Council Manager Act of 1982 (State Law) which can be submitted to the U.S. Attorney General pursuant to Section 5 of the Voting Rights Act of 1965, that will enable the Justice Department to pre-clear such Plan;

*   *   *

THEREFORE, BE IT RESOLVED by the City Council of the City of Decatur Alabama that the Mayor on behalf of the City is requested and authorized to notify the Voting Section of the Civil Rights Division of the Department of Justice that the City acknowledges its determination of December 2011; and accordingly withdraws the City's request for approval of the submitted three single-member voting district and two seats on the Council being voted on at large Plan because the city has no additional information to provide which will justify pre-clearance of the submitted Plan;

See Exhibit E.

7.      In addition to withdrawing its request for pre-clearance for the manager-council form of government and the method of election of that form of government, the City of Decatur submitted and obtained Section 5 preclearance of the existing five

5

single-member Council districts, redrawn with 2010 census data.  See Exhibit F.  The regularly scheduled 2012 Mayor and Council elections were held under the precleared plan.

8.      Because the changes to a manager-council form of government and method of electing members of the City Council did not receive Section 5 preclearance, they were unenforceable as a matter of federal law.  Therefore, the change in form of government, which by state law was to have taken place in November of 2012, see Ala. Code § 11-43A-7, as modified by Ala. Code § 11-46-21, could not legally be implemented.  The 2012 City of Decatur elections could only be held under the precleared mayor-council form of government and redrawn five single-member Council districts.

B.      This Court Has Jurisdiction of this Action Under<br>the Refusal Clause of 28 U.S.C. § 1443(2)

9.      The complaint in this case alleges erroneously that the change to a manager-council form of government and method of election that was illegal under federal law in 2012 now must be implemented because of the decision in *Shelby County v. Holder*, 133 S.Ct. 2612 (2013).  The Supreme Court held in *Shelby County* that the coverage formula in Section 4(b) of the Voting Rights Act, 42 U.S.C. § 1973b(b), "can *no longer* be used as a basis for subjecting jurisdictions to preclearance . . . .  We issue no holding on § 5 itself, only on the coverage formula."

6

133 S.Ct. at 2631 (emphasis added).   The Court's ruling is therefore entirely prospective; it does not render enforceable changes in policies or practices affecting voting that could not be implemented because they failed to obtain Section 5 preclearance prior to its June 25, 2013, *Shelby County* decision.

10.     The state court order sought by plaintiff Voketz in his complaint in this case requiring enforcement of the 2010 council-manager plan would also violate Section 2 of the Voting Rights Act, 42 U.S.C. § 1973, as well as the Fifteenth Amendment; and the Privileges or Immunities Clause and Equal Protection Clause in Section 1 of the Fourteenth Amendment.

11.     According to the 2010 federal census, the City of Decatur has a total population of 55,683, of which 21.7% are one-race black and 22.7% are black alone or in combination with another race.  The voting-age population of Decatur is 19.9% black alone, 20.2% black alone or in combination with another race.

12.     Under the five-council-member plan precleared in 2012 there is one Council district, District 1, which has a voting age population that is 55.15 % black. None of the three districts submitted to DOJ in 2011 in connection with manager-council form of government, and subsequently withdrawn, had a black voter majority. The voting age population of the district submitted to DOJ in 2011 in connection with manager-council form of government which had the largest number of black citizens

was only 35.14% black.   As a consequence, implementation of the three single-member districts under the manager-council form of government would have significantly impaired the ability of black citizens to elect members of their choice to the Decatur City Council and would have violated Section 2 of the Voting Rights Act.

13.   28 U.S.C. § 1443(2) authorizes defendants to remove "to the district court of the United States for the district and division embracing the place wherein it is pending . . . [a civil action commenced in state court against defendants] [f]or any act under color of authority derived from any law providing for equal rights, *or for refusing to do any act on the ground that it would be inconsistent with such law*." (emphasis added).

14.   In particular, the "refusal clause" in 28 U.S.C. § 1443(2) allows state officials to remove state court actions filed against them to federal court when they demonstrate a colorable conflict between state and federal law leading to their refusal to follow plaintiff's interpretation of state law because of a good faith belief that to do so would violate federal law.  *Alonzo v. City of Corpus Christi*, 68 F.3d 944, 946 (5th Cir. 1995) (citation and quotation omitted).  Any state court challenge based on state law to a method of election implemented under a federal court consent decree entered to provide citizens equal access to the political process which would be inconsistent with the Voting Rights Act, necessarily "presents a colorable conflict

8

between state and federal law sufficient to justify removal under § 1443(2)."  *Id.*

15.     Here, the City of Decatur has refused to implement the council-manager form of government because the method of election of that form of government required under state law would violate the Voting Rights Act.  For that reason, removal of this state court action, which seeks an order forcing the defendants to implement that form of government and the required method of election for that form of government, is proper under the "refusal clause" of 28 U. S. C. § 1443(2).

### C.   This Court Also Has Jurisdiction of This Action under 28 U.S.C. § 1441(c)

16.     In addition to the foregoing, the complaint in the instant action on its face presents a threshold federal question regarding the effect of the Supreme Court's *Shelby County* decision on the lawfulness of enforcing the change to a council-manager form of government and method of election approved in the 2010 referendum.  Specifically, this action presents the question of whether the *Shelby County* decision is prospective in its application and whether changes in policies or practices affecting voting that could not be implemented because they could not have obtained Section 5 preclearance under the Voting Rights Act prior to June 25, 2013, are now enforceable and are required to be implemented. This federal question also makes this action removable under 28 U.S.C. § 1441(c).

s/ George W. Royer, Jr.
George W. Royer, Jr.

LANIER FORD SHAVER & PAYNE, P.C.
P. O. Box 2087
2101 West Clinton Avenue,  Suite 102 (35805)
Huntsville, AL 35804
Phone: 256-535-1100 / Fax: 256-533-9322
E-mail: gwr@lfsp.com

s/ James U. Blacksher
James U. Blacksher

P.O. Box 636
Birmingham, AL 35201
Phone: 205-591-7238 / Fax: 866-845-4395
jblacksher@ns.sympatico.ca

Attorneys for Defendants City of Decatur, Alabama,
City Council of Decatur, Don Kyle, Roger Anders,
Billy Jackson, Gary Hammon, Charles Kirby, and
Chuck Ard

CERTIFICATE OF SERVICE

I certify that I have filed the foregoing with the Clerk of the Court using the ECF System, which will send notification of such filing to those parties of record who are registered for electronic filing, and further certify that those parties of record who are not registered for electronic filing have been served by mail by depositing a copy of the same in the United States mail, first class postage prepaid and properly addressed to them as follows:

> Carl A. Cole, III
> Russ Prickett
> The Cole Law Firm
> P.O. Box 2064
> Decatur, Alabama 35602

on this the 25th day of March, 2014.

s/ George W. Royer, Jr.
George W. Royer, Jr.

11