FILED

2014 Mar-25  AM 11:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

EXHIBIT A

| State of Alabama<br>Unified Judicial System<br><br>Form C-34      Rev 6/88 | **SUMMONS<br>-CIVIL-** | Case Number<br><br>52-CV-900133 |
|---|---|---|

IN THE   Circuit   COURT OF   Morgan   COUNTY

Plaintiff   Gary Voketz   v. Defendant   The City of Decatur, et al.

NOTICE TO   City Clerk, City of Decatur on behalf of City of Decatur and Decatur City Hall        the Decatur City Council

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY   COLE LAW FIRM   WHOSE ADDRESS IS   P.O. Box 2064   Decatur, AL 35602

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN   30   DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:**

[X]  You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

[ ]  Service by certified mail of this summons is initiated upon the written request of _____ pursuant to the Alabama Rules of Civil Procedure.

Date _____          _____ By: _____
                                          Clerk/Register

[ ]  Certified Mail is hereby requested.

_____
Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

[ ]  Return receipt of certified mail received in this office on _____
                                                                              (Date)

[X]  I certify that I personally delivered a copy of the Summons and Complaint to   the Clerk of the City of Decatur   in   Morgan   County, Alabama on _____.
                          (Date)

Date   Private
Type of Process Server

Server's Signature _____

Address of Server _____

Phone Number of Server _____

Rec'd 2/27/2014

| State of Alabama<br>Unified Judicial System<br><br>Form C-34    Rev 6/88 | SUMMONS<br>-CIVIL- | Case Number<br><br>52-CV-900133 |
|---|---|---|

IN THE _Circuit_ COURT OF _Morgan_ COUNTY

Plaintiff _Gary Voketz_ v. Defendant _The City of Decatur, et al._

NOTICE TO _Don Kyle_
_Decatur City Hall_

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY _COLE LAW FIRM_ WHOSE ADDRESS IS _P.O. Box 2064_
_Decatur, AL 35602_

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN _30_ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:

[X] You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

[ ] Service by certified mail of this summons is initiated upon the written request of _____ pursuant to the Alabama Rules of Civil Procedure.

Date _____    By: _____
                          Clerk/Register

[ ] Certified Mail is hereby requested.    _____
                                            Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

[ ] Return receipt of certified mail received in this office on _____.
                                                                (Date)

[X] I certify that I personally delivered a copy of the Summons and Complaint to _Don Kyle_
_____ in _Morgan_ _____ County,
Alabama on _____.
              (Date)

Date _____          Server's Signature _____
_Private_
Type of Process Server          Address of Server _____

                                Phone Number of Server _____

| State of Alabama<br>Unified Judicial System<br><br>Form C-34     Rev 6/88 | SUMMONS<br>-CIVIL- | Case Number<br>52-CV-900133 |
|---|---|---|

IN THE _Circuit_ COURT OF _Morgan_ COUNTY

Plaintiff _Gary Volketz_ v. Defendant _The City of Decatur, et al._

NOTICE TO _Charles Kirby_
_Decatur City Hall_

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY _COLE LAW FIRM_ WHOSE ADDRESS IS _P.O. Box 2064_
_Decatur, AL 35602_

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN _30_ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:**

[X] You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

[ ] Service by certified mail of this summons is initiated upon the written request of _____ pursuant to the Alabama Rules of Civil Procedure.

Date _____     _____ By: _____
                                Clerk/Register

[ ] Certified Mail is hereby requested.

_____
Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

[ ] Return receipt of certified mail received in this office on _____
                                                                        (Date)

[X] I certify that I personally delivered a copy of the Summons and Complaint to _Charles Kirby_
_____ in _Morgan_ County,
Alabama on _____.
              (Date)

Date _Private_
Type of Process Server

Server's Signature
_____
Address of Server
_____

Phone Number of Server

| State of Alabama<br>Unified Judicial System<br><br>Form C-34      Rev 6/88 | SUMMONS<br>-CIVIL- | Case Number<br>52-CV-900133 |
|---|---|---|

IN THE _Circuit_ COURT OF _Morgan_ COUNTY

Plaintiff _Gary Voketz_ v. Defendant _The City of Decatur, et al._

NOTICE TO _Billy Jackson_
_Decatur City Hall_

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY _COLE LAW FIRM_ WHOSE ADDRESS IS _P.O. Box 2064_
_Decatur, AL 35602_

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN _30_ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

---

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:**

[X]   You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

[ ]   Service by certified mail of this summons is initiated upon the written request of _____ pursuant to the Alabama Rules of Civil Procedure.

Date _____          _____ By: _____
                                        Clerk/Register

---

[ ]   Certified Mail is hereby requested.          _____
                                                    Plaintiff's/Attorney's Signature

---

RETURN ON SERVICE:

[ ]   Return receipt of certified mail received in this office on _____.
                                                                    (Date)
[X]   I certify that I personally delivered a copy of the Summons and Complaint to _Billy Jackson_
_____ in _Morgan_ County,
Alabama on _____.
                (Date)

Date _____          Server's Signature _____
_Private_
Type of Process Server                 Address of Server _____

                                       Phone Number of Server _____

| State of Alabama<br>Unified Judicial System<br><br>Form C-34    Rev 6/88 | SUMMONS<br>-CIVIL- | Case Number<br><br>52-CV-900133 |
| --- | --- | --- |

IN THE _Circuit_ COURT OF _Morgan_ COUNTY

Plaintiff _Gary Voketz_ v. Defendant _The City of Decatur, et al._

NOTICE TO ___ _Roger Anders_ ___
_Decatur City Hall_

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY _COLE LAW FIRM_ WHOSE ADDRESS IS _P.O. Box 2064_ _Decatur, AL 35602_

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN _30_ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:**

[X]   You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

[ ]   Service by certified mail of this summons is initiated upon the written request of _____ pursuant to the Alabama Rules of Civil Procedure.

Date _____          _____ By: _____
                                              Clerk/Register

[ ]   Certified Mail is hereby requested.          _____
                                                   Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

[ ]   Return receipt of certified mail received in this office on _____
                                                                        (Date)
[X]   I certify that I personally delivered a copy of the Summons and Complaint to _Roger Anders_
_____ in _Morgan_ _____County,
Alabama on _____.
                (Date)

Date _Private_ _____          Server's Signature _____
Type of Process Server                   Address of Server _____
                                         _____
                                         Phone Number of Server _____

| State of Alabama<br>Unified Judicial System<br><br>Form C-34    Rev 6/88 | SUMMONS<br>-CIVIL- | Case Number<br><br>52-CV-900133 |
| --- | --- | --- |

IN THE  _Circuit_  COURT OF  _Morgan_  COUNTY

Plaintiff  _Gary Voketz_   v.  Defendant  _The City of Decatur, et al._

NOTICE TO  _Gary Hammon_
_Decatur City Hall_

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY  _COLE LAW FIRM_  WHOSE ADDRESS IS  _P.O. Box 2064_
_Decatur, AL 35602_                                            .

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN  _30_  DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:**

[X]  You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

[ ]  Service by certified mail of this summons is initiated upon the written request of _____ pursuant to the Alabama Rules of Civil Procedure.

Date _____      _____  By: _____
                           Clerk/Register

---

[ ]  Certified Mail is hereby requested.      _____
                           Plaintiff's/Attorney's Signature

---

RETURN ON SERVICE:

[ ]  Return receipt of certified mail received in this office on _____
                                                                    (Date)

[X]  I certify that I personally delivered a copy of the Summons and Complaint to _Gary Hammon_
_____ in  _Morgan_ _____ County,
Alabama on _____.
              (Date)

| _____<br>Date  _Private_<br>Type of Process Server | _____<br>Server's Signature<br><br>_____<br>Address of Server<br><br>_____<br>Phone Number of Server |
| --- | --- |

| State of Alabama<br>Unified Judicial System<br><br>Form C-34     Rev 6/88 | SUMMONS<br>-CIVIL- | Case Number<br><br>52-CV-900133 |
|---|---|---|

IN THE _Circuit_ COURT OF _Morgan_ COUNTY

Plaintiff _Gary Voketz_ v. Defendant _The City of Decatur, et al._

NOTICE TO _____ _Chuck Ard_ _____
_Decatur City Hall_

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY _COLE LAW FIRM_ WHOSE ADDRESS IS _P.O. Box 2064_
_Decatur, AL 35602_

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN _30_ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:**

[X] You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

[ ] Service by certified mail of this summons is initiated upon the written request of _____ pursuant to the Alabama Rules of Civil Procedure.

Date _____     By: _____
                          Clerk/Register

[ ] Certified Mail is hereby requested.     _____
                                            Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

[ ] Return receipt of certified mail received in this office on _____.
                                                          (Date)
[X] I certify that I personally delivered a copy of the Summons and Complaint to _Chuck Ard_
in _Morgan_ County,
Alabama on _____
           (Date)

Date _Private_ _____     Server's Signature _____
Type of Process Server                Address of Server _____

                                      Phone Number of Server _____

IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

GARY VOKETZ, for himself and )
on behalf of the citizens of Decatur, )
Alabama and the State of Alabama, )
)
    Plaintiff, )
)
vs. )       CASE NO.: CV 2014-_____
)
THE CITY OF DECATUR, ALABAMA, a )
Municipal Corporation, THE CITY )
COUNCIL OF DECATUR, )
DON KYLE, ROGER ANDERS, )
BILLY JACKSON, GARY HAMMON, )
CHARLES KIRBY & CHUCK ARD, )
in both their individual and official )
capacities, )
)
    Defendants. )

## VERIFIED COMPLAINT

### I.    Parties, Jurisdiction, and Venue

1. The plaintiff, Gary Voketz, is an individual resident citizen of the City of Decatur, Alabama and is registered to vote in the State of Alabama.

2. The defendants are the City of Decatur, located in Morgan County, Alabama, the City Council for the City of Decatur and the Mayor and City Council persons of the City of Decatur, Alabama. Upon information and belief, each individual resides in Morgan County, Alabama.

3. Venue and jurisdiction are appropriate in Morgan County, Alabama under Ala. Code § 6-3-2(a)(3) & 6-6-591(c) (1975) as the defendants reside in Morgan County and the acts and omissions complained of occurred therein.

### II.    Factual Allegations Common to All Counts

4. In approximately August of 2009, a petition began circulating amongst the eligible voters of the City of Decatur calling for an election to change Decatur's mayor-council form of government to the council-manager form of government authorized under the City-Manager Act of 1982, Ala. Code § 11-43-1 et seq. (1975).

5. In January of 2010, that petition, with more than the required number of signatures, was

filed with Morgan County Probate Judge Greg Cain.

6. Upon receipt of the petition, it was examined by Judge Cain, certified as valid, and forwarded to the Office of the Mayor of the City of Decatur. As required by statute, the Mayor submitted the question of the adoption of a council-manager form of government to the voters of the City of Decatur in a special election.

7. In that special election, held in April of 2010, the voters of the City of Decatur approved the council-manager form of government for the City of Decatur.

8. In September and October of 2011, the Decatur City Council approved a voter districting plan containing three districts, as required under Ala. Code § 11-43-9, and submitted that plan to the Voting Section of the United States Department of Justice as required by Section 5 of the Voting Rights Act of 1965, 42 U.S.C. § 1973c.

9. On or about December 19, 2011, the Mayor of Decatur at that time, the Hon. Don Stanford, received a letter from the Voting Section of the Department of Justice informing him that the information submitted by the City of Decatur concerning the transition from the mayor-council to the council-manager form of government was insufficient for the Attorney General to complete the review of the voting changes required under Section 5 of the Voting Rights Act. That letter is attached hereto as Exhibit "A."

10. Following receipt of the December 19th letter from the Department of Justice, which neither approved or denied the City Council's council-manager redistricting plan, the City Council withdrew that plan from submission and resubmitted the previously approved mayor-council plan in January and February of 2012.

11. In April of 2012, the Voting Section of the Department of Justice reapproved the mayor-council, five district plan.

12. In October of 2012, a City election was held based on five districts, thus electing a new mayor and five council members, being the herein named defendants. The newly elected mayor and council took office in November, 2012. Of the six named individual defendants, Roger Anders, Gary Hammon, Billy Jackson and Charles Kirby all served on the previous City Council.

13. In January of 2013, following his election as Mayor, Don Kyle officially asked the City Council of Decatur, the other named defendants, to seek Department of Justice guidance on a council-manager districting plan.

14. In March of 2013, the City Council rejected resubmission of the council-manager districting plan to the Department of Justice.

15. On June 25, 2013, in *Shelby County v. Holder*, 133 S. Ct. 2612 (2013), the United States Supreme Court ruled that Section 4(b) of the Voting Rights Act of 1965, the coverage

formula section, is unconstitutional.  This ruling had the effect of obviating Department of Justice approval under Section 5 of the Voting Rights Act of 1965 of changes in voter districting plans.

16. With the striking down of the preclearance requirement of the Voting Rights Act, the one and only obstacle that the defendants argued prohibited implementation of the council-manager form of government has been eliminated.   The defendants should have immediately taken action to create the three voting districts and scheduled an election to implement the council-manager form of government for the City of Decatur as mandated by the voters in the special election held in April, 2011.

17. As of the date of the filing of this Complaint, the Mayor and the City Council of the City of Decatur have taken no additional steps to implement the council-manager form of government as duly chosen by the voters of the City of Decatur and as required under the Council-Manager Act of 1982.

18. The Plaintiff, through counsel, has had multiple conversations with the Defendants and/or their counsel in which no explanation has ever been provided that justifies the city's failure and refusal to abide by Alabama law and honor the results of the referendum.

19. The failure for a municipality such as Decatur to follow Alabama law is a highly improper practice.

20. By failing to implement the referendum as required by Alabama law, the city is in direct contravention of state statutes.   The actions of the defendants have been a deliberate attempt to evade the provisions of state law.

21. Litigation has been made necessary by the bad faith efforts that have been made to evade and avoid implementing the council-manager form of government pursuant to the referendum and Alabama law.

22. Defendants, by failing to implement the city-manager form of government pursuant to the referendum, have knowingly and willfully refused to do what the voters of Decatur told them to do and what the statutes of Alabama require them to do.

<u>COUNT I</u>
<u>DECLARATORY JUDGMENT</u>

23. Plaintiff adopts and alleges as set forth herein every preceding paragraph of this Complaint.

24. The plaintiff is a person as defined in the Declaratory Judgment Act, Ala. Code § 6-6-220 (1975).

25. The plaintiff's rights, status, or other legal relations were affected by a statute when the voters of the City of Decatur adopted the council-manager form of government in

accordance with the Council-Manager Act of 1982 in April of 2010.  Ala. Code § 6-6-223 (1975).

26. Under the Council-Manager Act of 1982, specifically Ala. Code § 11-43A-6 (1975), following an election on the question of the adoption of the council-manager form of government, "[i]f the majority of votes shall be 'yes' or in favor of such question, the provisions of this chapter *shall* thereafter be adopted for such municipality" (emphasis added).

27. "[G]enerally the word 'shall' in a statute is used in a mandatory sense." *Prince v. Hunter*, 388 So.2d 546, 548 (Ala. 1980).

28. As of the date of the filing of this Complaint, the defendants have not adopted the provisions of the Council-Manager Act of 1982 for the City of Decatur as required under § 11-43A-6.

29. As the defendants have not complied with mandatory statutory law of the State of Alabama, the plaintiff desires to have determined the question of the construction of the word "shall" found in Ala. Code § 11-43A-6 and to obtain a declaration of his rights, status, or other legal relations thereunder.  Ala. Code § 6-6-223.

WHEREFORE, the plaintiff requests that this Court declare § 11-43A-6 of the Council-Manager Act of 1982 mandatory and require the immediate implementation of the Act's provisions for the City of Decatur by the defendants.  The plaintiff also seeks all costs, fees, expenses, interest, and attorney's fees pursuant to the public benefit doctrine to which he would be entitled under law.

## IN THE ALTERNATIVE,
## QUO WARRANTO

30. Plaintiff adopts and alleges as set forth herein every preceding paragraph of this Complaint.

31. This cause of action is plead in the alternative to that cause of action for declaratory judgment stated in Count One of this Complaint.

32. As discussed in Paragraphs 10 through 15, at the time when approval by the Department of Justice of certain redistricting plans was required, the city failed to offer a complete submission of the information required to obtain either a positive or negative determination by the Department of Justice of the City's council-manager redistricting plan.

33. Moreover, the city, then submitted to the Department of Justice a voter districting plan repudiated by the voters of the City of Decatur in the council-manager election held in April of 2010.

34. Furthermore, although the advance approval of voter redistricting by the Department of Justice is no longer required due to the United States Supreme Court's decision in *Shelby County v. Holder*, the defendants have not implemented, or taken public steps to implement, the council-manager form of government.

35. An action in the nature of quo warranto may be commenced by a private individual in the name of the state when a person unlawfully exercises a public office. Ala. Code § 6-6-591(a)(1) & (b) (1975).

36. The defendants are public office holders of the City of Decatur unlawfully exercising their public offices.

37. The defendants' unlawful exercise of their public offices is set out in the Factual Allegations section located above and specified here in Paragraphs 26 through 28. To repeat, the defendants, unlawfully exercise their public offices by an omission of their duty to implement the council-manager form of government for the City of Decatur by obtaining either a positive or negative determination from the Department of Justice of the viability of a new council-manager redistricting plan and by failing to immediately implement the council-manager form of government after the pertinent sections of the Voting Rights Act were declared unconstitutional. The defendants then unlawfully exercised their public offices by submitting to the Department of Justice a voter districting plan rejected by the citizens of Decatur. Finally, the defendants unlawfully exercise their public offices every day they fail to implement the council-manager form of government for the City of Decatur in direct contravention of the will of its people.

WHEREFORE, the plaintiff requests that this Court enter a judgment excluding the defendants from the public offices they hold until such time as they adopt and implement the council-manager form of government for the City of Decatur. The plaintiff also seeks all costs, fees, expenses, interest, and attorney's fees pursuant to the public benefit doctrine to which he would be entitled under law.

Respectfully submitted this the 27th day of February, 2014.

Gary Voketz

**STATE OF ALABAMA**                )
**COUNTY OF MORGAN**              )

I, the undersigned authority, a Notary Public in and for said County in said State, hereby certify that **Gary Voketz**, who is known to me, acknowledged before me on this day that being informed of the contents, he executed the same voluntarily on the day the same bears date.

Given under my hand and official seal this 27th day of February, 2014.

Notary Public

My Commission expires: 11-16-16

/S/Carl A. Cole, III
/S/Russ Prickett___
CARL A. COLE, III (COL118)
RUSS PRICKETT (PRI091)
Attorneys for Plaintiff


OF COUNSEL:

THE COLE LAW FIRM, LLC
Post Office Box 2064
Decatur, Alabama 35602
PHONE: (256) 353-0550
FAX: (256) 353-0552
E-MAIL: CARL@CARLCOLELAW.COM



Serve the defendants as follows:

| | |
|---|---|
| The City Decatur<br>Decatur City Hall<br>Office of the Clerk | Decatur City Council<br>Decatur City Hall<br>Office of the Clerk |
| Billy Jackson<br>1203 Second St. Sw.<br>Decatur, AL 35601 | Charles Kirby<br>1706 Sandra St.<br>Decatur, AL 35601 |
| Roger Anders<br>2003 Country Club Road<br>Decatur, AL 35601 | Chuck Ard<br>1805 Townshend Trace<br>Decatur, AL 35601 |
| Gary Hammon<br>2801 Peabody Circle<br>Decatur, AL 35603 | Don Kyle<br>1806 21st Ave.<br>Decatur, AL 35601 |

Exhibit
"A"

TCH:RSB:JR:AAO:tst:maf
DJ 166-012-3
2011-4375
2011-4690

Voting Section - NWB
950 Pennsylvania Avenue, NW
Washington, DC 20530

December 19, 2011

The Honorable Don Stanford
Mayor
P.O. Box 488
Decatur, Alabama 35602-0488

Dear Mayor Stanford:

This refers to the change from the mayor-council to the council-manager form of government; the change in method of election from five single-member districts to three single-member districts and two seats at-large; the decrease in the number of officials from six to five; the resulting redistricting plan; the realignment of voting precincts; and the polling place change for the City of Decatur in Limestone and Morgan Counties, Alabama; and the change in method of election from five single-member districts to three single-member districts and two seats at-large, the resulting redistricting plan, and the use of county voting precincts and polling places for the Decatur City School District in Limestone and Morgan Counties, Alabama, submitted to the Attorney General pursuant to Section 5 of the Voting Rights Act of 1965, 42 U.S.C. 1973c. We received your submissions on October 20, 2011; additional information was received on October 28, 2011.

Our analysis indicates that the information sent is insufficient to enable us to determine that the proposed changes do not have the purpose and will not have the effect of denying or abridging the right to vote on account of race, color, or membership in a language minority group, as required under Section 5. The following information is necessary so that we may complete our review of your submission.

1. To the extent not previously provided, copies of the following:

   a. all documents relating to the changes, including notes, summaries, minutes, tapes, and transcripts of all discussions, meetings and hearings, whether formal or informal, at which the changes were discussed;

   b. any correspondence among elected officials, employees, consultants, and members of the public that addressed the changes;

   c. all documents, studies, analyses, reports, articles or other material presented to, considered by, or relied upon, by the city in considering the proposed changes; and

   d. all newspaper articles, legal notices, editorials, letters to the editor, advertisements, and any other publicity related to the process of adopting the changes.

-2-

2.  Election returns, by precinct and district, for all county, school district, and municipal elections, including the April 2010 referendum, conducted in the City of Decatur from 2000 to the present, including primary, general, and runoff elections.  For each election, please indicate the following:

    a.  the office/position sought or question presented;

    b.  each candidate's name and race, and identify the incumbent, if any, and whether the incumbent was elected or appointed;

    c.  the number of votes each candidate or question presented received by precinct and district;

    d.  the number of voting age persons and registered voters, by race/ethnicity, precinct, and district, at the time of the election;

    e.  the number of persons who voted by race/ethnicity, precinct, and district; and

    f.  the current number of registered voters, by race, ethnicity, and by precinct, for both the existing districts and the proposed districts.

If available, please provide the data in electronic format (.dbf, .xls, or .txt files).

If exact numbers by race and ethnicity are not available, provide your best estimate and the basis for that estimate.  For items c and e, please indicate whether ballots cast at early voting locations have been reallocated back to the precincts.

4.  A map showing the location of residences of incumbent city council and school board members.

5.  If the city sought to adopt a council-manager form of government while maintaining five single-member districts, please provide a description of its efforts to achieve that result.  If the city made no such efforts, an explanation of why that option was not pursued.

The Attorney General has sixty days to consider a completed submission pursuant to Section 5.  This sixty-day review period will begin when we receive the information specified above.  Procedures for the Administration of Section 5 of the Voting Rights Act of 1965, 28 C.F.R. 51.37.  However, if no response is received within sixty days of this request, the Attorney General may object to the proposed changes consistent with the burden of proof placed upon the submitting authority.  28 C.F.R. 51.40 and 51.52(a) and (c).  Changes that affect voting are legally unenforceable unless and until the appropriate Section 5 determination has been obtained.  *Clark v. Roemer*, 500 U.S. 646 (1991), 28 C.F.R. 51.10.  Therefore, please inform us of the action the city and the school district plan to take to comply with this request.

If you have any questions concerning this letter or if we can assist you in obtaining the requested information, please call Abigail Olson (202-305-0787) of our staff.  Refer to File Nos.

-3-

2011-4375 and 2011-4690 in any response to this letter so that your correspondence will be channeled properly.

Sincerely,

T. Christian Herren, Jr.
Chief, Voting Section

TOTAL P.04

## IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

GARY VOKETZ, for himself and     )
on behalf of the citizens of Decatur,     )
Alabama and the State of Alabama,     )
    )
    Plaintiff,     )
    )
vs.     )     CASE NO.: CV 2014-_____
    )
THE CITY OF DECATUR, ALABAMA, a )
Municipal Corporation, THE CITY     )
COUNCIL OF DECATUR,     )
DON KYLE, ROGER ANDERS,     )
BILLY JACKSON, GARY HAMMON,     )
CHARLES KIRBY & CHUCK ARD,     )
in both their individual and official     )
capacities,     )
    )
    Defendants.     )

## MOTION FOR SUMMARY JUDGMENT

COMES now the plaintiff and moves the Court, pursuant to Rule 56 of the Alabama Rules of Civil Procedure, to enter a judgment in his favor in this case on the grounds that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law.

This Motion is based on upon the pleadings; plaintiff's Brief in Support of Summary Judgment containing a narrative of undisputed facts in compliance with Ala. R. Civ. P. 56(c); and all other matters of record in these proceedings.

/s/ Carl A. Cole, III
_____
CARL A. COLE, III (COL 118)
ATTORNEY FOR PLAINTIFF

OF COUNSEL:
THE COLE LAW FIRM, LLC
PO BOX 2064
DECATUR, AL 35602

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the foregoing with the Clerk of the Court using the Alabama Judicial electronic filing system which will send notification of such filing to those parties of record who are registered for electronic filing, and I further certify that those parties of record who are not registered for electronic filing have been served by depositing a copy of the same in the United States mail, first class postage prepaid.

Herman Marks
Decatur City Hall
402 Lee Street
Decatur, AL 35601

**/s/ Carl A. Cole, III**
Of Counsel

## IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

GARY VOKETZ, for himself and )
on behalf of the citizens of Decatur, )
Alabama and the State of Alabama, )
       )
       Plaintiff, )
       )
vs. )     CASE NO.: CV 2014-_____
       )
THE CITY OF DECATUR, ALABAMA, a )
Municipal Corporation, THE CITY )
COUNCIL OF DECATUR, )
DON KYLE, ROGER ANDERS, )
BILLY JACKSON, GARY HAMMON, )
CHARLES KIRBY & CHUCK ARD, )
in both their individual and official )
capacities, )
       )
       Defendants. )

## BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

COMES now the Plaintiff and moves this Court to grant a summary judgment as to those the issues presented in Count I of the Plaintiff's Complaint and in support of this Motion would show unto the Court as follows:

## NARRATIVE STATEMENT OF UNDISPUTED FACTS

In approximately August of 2009, a petition began circulating amongst the eligible voters of the City of Decatur calling for an election to change Decatur's mayor-council form of government to the council-manager form of government authorized under the City-Manager Act of 1982, Ala. Code § 11-43-1 *et seq.* (1975).  (Compl. ¶ 4.)

In January of 2010, that petition, with more than the required number of signatures, was filed with Morgan County Probate Judge Greg Cain.  (Compl. ¶ 5.)  Upon receipt of the petition, it

was examined by Judge Cain, certified as valid, and forwarded to the Office of the Mayor of the City of Decatur.  As required by statute, the Mayor submitted the question of the adoption of a council-manager form of government to the voters of the City of Decatur in a special election. (Compl. ¶ 6.)  In that special election, held in April of 2010, the voters of the City of Decatur approved the council-manager form of government for the City of Decatur.  (Compl. ¶ 7.)

In September and October of 2011, the Decatur City Council approved a voter districting plan containing three districts, as required under Ala. Code § 11-43-9, and submitted that plan to the Voting Section of the United States Department of Justice as required by Section 5 of the Voting Rights Act of 1965, 42 U.S.C. § 1973c.  (Compl. ¶ 8.)

On or about December 19, 2011, the Mayor of Decatur at that time, the Hon. Don Stanford, received a letter from the Voting Section of the Department of Justice informing him that the information submitted by the City of Decatur concerning the transition from the mayor-council to the council-manager form of government was insufficient for the Attorney General to complete the review of the voting changes required under Section 5 of the Voting Rights Act. That letter is attached hereto as Exhibit "A."  (Compl. ¶ 9.)

Following receipt of the December 19th letter from the Department of Justice, which neither approved nor denied the City Council's council-manager redistricting plan, the City Council withdrew that plan from submission and resubmitted the previously approved mayor-council plan in January and February of 2012.  (Compl. ¶ 10.)  In April of 2012, the Voting Section of the Department of Justice reapproved the mayor-council, five district plan.  (Compl. ¶ 11.)

In October of 2012, a City election was held based on five districts, thus electing a new mayor and five council members, being the herein named defendants.  The newly elected mayor

and council took office in November, 2012.  Of the six named individual defendants, Roger Anders, Gary Hammon, Billy Jackson, and Charles Kirby all served on the previous City Council.  (Compl. ¶ 12.)

In January of 2013, following his election as Mayor, Don Kyle officially asked the City Council of Decatur, the other named defendants, to seek Department of Justice guidance on a council-manager districting plan.  (Compl. ¶ 13.)  In March of 2013, the City Council rejected resubmission of the council-manager districting plan to the Department of Justice.  (Compl. ¶ 14.)

On June 25, 2013, in *Shelby County v. Holder*, 133 S. Ct. 2612 (2013), the United States Supreme Court ruled that Section 4(b) of the Voting Rights Act of 1965, the coverage formula section, is unconstitutional.  This ruling had the effect of obviating Department of Justice approval under Section 5 of the Voting Rights Act of 1965 of changes in voter districting plans. (Compl. ¶ 15.)

As of the date of the filing of this Complaint, the Mayor and the City Council of the City of Decatur have taken no additional steps to implement, with or without the preapproval of the Department of Justice, the council-manager form of government as duly chosen by the voters of the City of Decatur and as required under the Council-Manager Act of 1982. (Compl. ¶ 17.)

<u>**Standards of Review**</u>

The Declaratory Judgment Act provides a remedy to "[a]ny person…whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract or franchise" and a statutory vehicle by which those persons "may have determined any question of construction or validity arising under [an] instrument, statute, ordinance, contract or franchise and obtain a

declaration of rights, status or other legal relations thereunder." Ala. Code § 6-6-223 (1975). To

that end, courts are empowered "to declare [the] rights, status, and other legal relations" of those

seeking declaratory relief. Ala. Code § 6-6-222 (1975). Furthermore, "where official action

done…is challenged as unlawful, [when] the lack of authority appears in the provisions of a

statute…, the controversy can be determined under the declaratory judgment statute." *Morgan v.*

*Board of School Comm'rs of Mobile County*, 26 So.2d 108, 110 (Ala. 1946).

  Rule 56 of the Alabama Rules of Civil Procedure sets forth a two-tiered standard for a

trial court to apply in determining whether to enter a summary judgment. In order to enter a

summary judgment, the trial court must determine: (1) that there is no genuine issue as to any

material fact; and (2) that the moving party is entitled to judgment as a matter of law. If the

party moving for summary judgment makes this prima facie showing, "the burden then shifts to

the nonmovant to rebut the movant's prima facie showing by substantial evidence." *E.g., Lee v.*

*City of Gadsden*, 592 So.2d 1036, 1038 (Ala. 1992).

  Ala. R. Civ. P. 56 must be read in conjunction with the "substantial evidence rule" found

in Ala. Code § 12-21-12 (1975). The substantial evidence rule requires the plaintiff to present

proof by substantial evidence in order to submit an issue of fact to the trier of fact. The Supreme

Court of Alabama has provided further guidance as to what is considered substantial evidence so

as to defeat a properly supported motion for summary judgment. The Court defines substantial

evidence as "evidence of such weight and quality that fair-minded persons in the exercise of

impartial judgment can reasonably infer the existence of the fact sought to be proved." *E.g.,*

*West v. Founders Life Assurance Co. of Florida*, 547 So.2d 870, 871 (Ala. 1989).

## ARGUMENTS AND CONCLUSIONS OF LAW

### 1. The Plaintiff is Entitled to Judgment as a Matter of Law.

Summary judgment is appropriate as to Count I of the plaintiff's Complaint because the provisions of Ala. Code § 11-43A-6 (1975) are mandatory as a matter of law. These provisions require the implementation of a council-manager form of government, as set out in the Council-Manager Act of 1982, when adopted by a municipality's voters in an election on the question of that adoption.

The pertinent language of Ala. Code § 11-43A-6 reads as follows: "If the majority of votes [upon the question of the adoption of a council-manager form of government] shall be "yes" or in favor of such question, the provisions of this article shall thereafter be adopted for such municipality."

It is a well settled principle of statutory construction that "the world 'shall' in a statute is used in a mandatory sense." *Prince v. Hunter*, 388 So.2d 546, 548 (Ala. 1980). Therefore, the use of the word "shall" in § 11-43A-6 by the Alabama Legislature indicates that the provisions of the Council-Manager Act of 1982 are mandatory, and not discretionary, upon its adoption by the citizens of a municipality. *See also Ex parte Prudential Ins. Co. of America*, 721 So.2d 1135, 1138 (Ala. 1998) ("The word 'shall' is clear and unambiguous and is imperative and mandatory.").

In an election held in April of 2010, the voters of the City of Decatur elected to adopt a council-manager form of government. To date, the City of Decatur, by and through the actions of the named defendants, has yet to adopt the council-manager form of government. As a citizen

5 of 7

of Decatur, the plaintiff's rights, status, and other legal relations have been affected by the citizens of Decatur's vote in favor of adopting the council-manager form of government and by the defendants' subsequent failure to adopt that form of government for the City.

The majority of votes cast by the citizens of Decatur in the 2010 council-manager election were in the affirmative. The language of § 11-43A-6, specifically the word "shall," requires, as mandatory, the adoption of a council-manager form of government by a municipality following such an occurrence. Since that time, the defendants have ignored the language of § 11-43A-6 and proceeded as if the adoption of a council-manager form of government is discretionary. This is unlawful. Therefore, the plaintiff is entitled to a judgment in his favor construing, in the affirmative, § 11-43A-6 as mandatory as a matter of law.

## CONCLUSION

Upon consideration of the foregoing, the Plaintiff has made a prima facie showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law on Count I of his Complaint. As to plaintiff's argument in favor of Count I, Ala. Code § 11-43A-6 contains the word "shall." As a consequence, it is mandatory as a matter of law. Therefore, the Plaintiff is entitled to summary judgment on Count I of the Complaint. Accordingly, the Plaintiff requests that summary judgment be entered in its favor on Count I of its Complaint and that this judgment declare, in the affirmative, the construction of § 11-43A-6 to be mandatory. As a result of this construction, the defendants should be required to implement each and every applicable provision of the Council-Manager Act of 1982 for the City of Decatur and its citizens. Further, pursuant to the public benefit doctrine, the Plaintiff seeks an Order stating his entitlement to attorneys' fees and costs and to be allowed thirty days to provide evidence thereof.

Respectfully submitted this the 28th day of February, 2014.

/s/ Russ Prickett
/s/ Carl A. Cole, III
CARL A. COLE, III (COL 118)
RUSS PRICKETT (PRI 091)
ATTORNEYS FOR THE PLAINTIFF

OF COUNSEL:
THE COLE LAW FIRM, LLC
PO BOX 2064
DECATUR, AL 35602

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the foregoing with the Clerk of the Court using the Alabama Judicial electronic filing system which will send notification of such filing to those parties of record who are registered for electronic filing, and I further certify that those parties of record who are not registered for electronic filing have been served by depositing a copy of the same in the United States mail, first class postage prepaid.

Herman Marks

/s/ Carl A. Cole, III
Of Counsel

7 of 7