IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **GARY VOKETZ,** ) | |
| ) | |
|     Plaintiff, ) | **CIVIL ACTION NO:** |
| ) | **5:14-cv-00540** |
| v. ) | |
| ) | Assigned To:  AKK |
| **THE CITY OF DECATUR, et al.,** ) | |
| ) | |
|     Defendants. ) | |

---

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

---

Now comes the plaintiff, Gary Voketz, and files his First Amended Complaint against Defendants, the City of Decatur, Alabama, a municipal corporation and Don Kyle, Roger Anders, Billy Jackson, Gary Hammon, Charles Kirby, and Charles Ard, in both their individual and official capacities.

## Introduction

1.     Gary Voketz is a resident of the City of Decatur in the State of Alabama  who is registered to vote in Morgan County, Alabama, the county in which the City of Decatur is incorporated.  Gary Voketz brings this action to redress the Defendants' refusal to honor the results of a referendum conducted pursuant to the Council-Manager Act of 1982 or to allow those results to be

honored.  The Defendants' refusal to honor the referendum results, or to allow those results to be honored, violates numerous rights guaranteed to the Plaintiff by the Alabama Constitution of 1901.

2.    As a direct result of the actions, policies, practices, customs, and procedures of the Defendants, Gary Voketz was denied his fundamental right to change the form of his government guaranteed by the Article I, Section Two of the Alabama Constitution; the equal protection of the laws guaranteed him by the Constitution of Alabama; and his right to due process as guaranteed by the Constitution of Alabama.

## I.  Jurisdiction and Venue

3.    This action was removed to this Court by the Defendants pursuant to 28 U.S.C. § 1443.  By filing this First Amended Complaint,  the Plaintiff does not intent to invoke this court's supplemental jurisdiction over his state law claims but simply seeks to preserve them in the face of any possible preclusive results arising from this litigation.

## II.  Parties

4.    Plaintiff Gary Voketz is a registered voter residing in the City of

Decatur in the State of Alabama.

5. Defendant City of Decatur is a Class Four municipal corporation organized under the applicable laws of the State of Alabama and located within the U.S. Northern District of Alabama.

6. Defendants Don Kyle, Roger Anders, Billy Jackson, Charles Kirby, and Charles Ard are those individuals purporting to be the duly elected city council persons of the City of Decatur.

### III.  Facts

7. In approximately August of 2009, the Plaintiff began circulating a petition amongst the eligible voters of the City of Decatur calling for an election to change Decatur's form of government from mayor-council to the council-manager form of government authorized under the Council-Manager Act of 1982, Ala. Code § 11-43-1, et seq. (1975) ("CMA").

8. In January of 2010, after gathering more than the required number of signatures, the Plaintiff filed that petition with the Probate Court of Morgan County, Alabama.

9.      Upon receipt of the petition, it was examined by the probate judge of Morgan County, certified as valid, and forwarded to the Office of the Mayor of the City of Decatur.  As required by statute, the Mayor submitted the question of the adoption of a council-manager form of government to the voters of the City of Decatur in a special election.

10.     In that special election, held in April of 2010, the voters of the City of Decatur approved the council-manager form of government for the City of Decatur.

11.     The CMA contains several statutes that mandate the method of election different classes of municipalities, as defined under Alabama state law, are required to implement under that form of government.

12.     Under the CMA, class Four municipalities, which includes the City of Decatur, are required to have three single member districts and two at-large districts.

13.     In September and October of 2011, the Decatur City Council approved a voter districting plan containing three single member districts and two at-large districts, as required by the CMA.  The Mayor of Decatur then submitted

that plan to the Voting Section of the United States Department of Justice ("DOJ") for preclearance under Section Five of the Voting Rights Act.

14. On or about December 19, 2011, the Voting Section of the DOJ sent a letter addressed to the Mayor of Decatur informing him that the information submitted by the City of Decatur concerning the transition from the mayor-council form of government to the council-manager form of government was insufficient for the Attorney General to complete a review of the submitted voting changes as required under the VRA. The letter requested additional information concerning the possible change.

15. After receiving the DOJ's December letter, instead of providing the additional information, the City Council withdrew the submitted council-manager plan and resubmitted a previously approved mayor-council plan, redrawn with 2010 census data.

16. It justified this action with the passing of a resolution setting forth the City Council's determination that implementation of the method of election of the CMA would have a retrogressive impact on the Black voters of Decatur.

17. The DOJ, which had available to it the exact same information as the

Defendants, did not make a finding of a retrogressive impact.

18. The mayor-council submission was precleared by the DOJ, and the 2012 Mayor and Council elections were held under that plan.

19. In January of 2013, the newly elected Mayor of Decatur, Don Kyle, officially asked the Decatur City Council to seek DOJ guidance on a council-manager districting plan.

20. The Mayor placed the choice of resubmission of a council-manager plan with the City Council despite being informed by the City Attorney of Decatur that the authority for resubmission rested with the Mayor, the chief executive officer.

21. Acting against the advice of the City Attorney, the City Council voted down resubmission of a council-manager plan by a three to two vote.

22. After the City Council voted against resubmission of a council-manager plan to the DOJ, the Defendants took no additional steps to implement the CMA or to seek judicial ratification of their inability to implement the form of government chosen by the voters of the City of Decatur.

23. The Plaintiff initiated this litigation by filing a complaint in the Circuit Court of Morgan County, Alabama seeking a declaratory judgment concerning his rights under the CMA and alleging that the Mayor and City Council of Decatur are holding office illegally.

24. The Defendants then removed this proceeding to this court by asserting that implementation of the method of election required in the City of Decatur by the CMA would violate Section Two of the Voting Rights Act.

### IV.  The Need for Declaratory and Injunctive Relief

25. There presently exists a justiciable controversy between the Plaintiff and the Defendants with respect to whether the Plaintiff is entitled to the same rights as the voting citizens of other Class Four municipalities of the State of Alabama as well as the same rights as other voting citizens of the City of Decatur.

26. Accordingly, the Plaintiff asks that this Court determine and adjudge that the Plaintiff is entitled to the same rights as other similarly situated citizens.

27. A declaratory judgment in this case would serve a useful purpose in

clarifying and finally settling the respective legal rights and obligations of the parties.

28. Absent injunctive relief, the Defendants will continue to deny the Plaintiff the rights to which he is entitled. The Plaintiff does not have an adequate remedy at law. The following counts are plead in the alternative where inconsistent.

## COUNT I
### Violation of Article I, Section Two of the Alabama Constitution

29. Article I, Section Two of the Alabama Constitution guarantees to the citizens of Alabama their fundamental right to change their form of government: "That all political power is inherent in the people, and all free government are founded on their authority, and instituted for their benefit; and that, therefore, they have at all times an inalienable and indefeasible right to change their form of government in such manner as they may deem expedient."

30. The mandatory nature of the method of election imposed on the City

of Decatur in the CMA is in direct conflict with the fundamental right of the Plaintiff to change his form of government by the referendum process set out in the CMA.

31. Accordingly, the method of election imposed on the City of Decatur in the CMA violates Article I, Section Two of the Alabama Constitution.

32. Alternatively, the nominally mandatory portions of the CMA, enforcement of which would violate the Plaintiff's rights under the Alabama Constitution or contradict the intent of the Alabama legislature in passing the CMA, are instead discretionary under well established principles of Alabama state law.

33. The nominally mandatory statutes at issue include, but are not limited to, the method of election outlined in the CMA and the time for the change in government provided for in the CMA.

34. Established principles of statutory construction in Alabama dictate that the language of the statutes identified above should be interpreted as discretionary.

35. Therefore, the Plaintiff is in need of a declaratory judgment stating that any nominally mandatory provision of the CMA which would conflict with his constitutional rights under the Alabama constitution is instead discretionary and is not required to be implemented under the CMA.

36. Defendants have not allowed the Plaintiff to exercise his fundamental right to change his form of government. Instead, Defendants have intentionally and wilfully denied the Plaintiff this right.

37. Accordingly, the Defendants' actions have violated Article I, Section Two of the Alabama Constitution.

38. Absent an injunction restraining the Defendants from requiring and/or enforcing the method of election imposed on Class Four municipalities in the CMA, and/or other defective portions of the CMA, Defendants will continue to deny the Plaintiff his fundamental right to change his form of government in violation of Article I, Section Two of the Alabama Constitution.

## COUNT II

## Violation of the Equal Protection Provisions of the
## Alabama Constitution

39. The Alabama Constitution guarantee all citizens equal protection of the laws.

40. Defendants have failed to treat the Plaintiff in a manner similar to other voting citizens similarly situated to the Plaintiff by denying him rights that are accorded to other voting citizens, including citizens of other Class Four municipalities in the State of Alabama, other citizens of municipalities not denied their right to implement the CMA via referendum, and other citizens of the City of Decatur.  Such distinctions are arbitrary and capricious and were not the least restrictive means to achieve a compelling governmental interest.  Instead, the Defendants have created two classes of persons without a compelling basis for distinction.  Accordingly, Defendants have denied the Plaintiff equal protection in violation of the Alabama Constitution.

41. Alternatively, the distinctions created by the Defendants are arbitrary

and capricious and have no rational relationship to any legitimate governmental purpose. Instead, the Defendants have created two classes of persons without a rational basis for distinction.

42. In their actions toward the Plaintiff, the Defendants have acted wilfully, intentionally, and with callous and reckless indifference to plaintiffs' rights under the Alabama Constitution.

43. Absent an injunction restraining the Defendants from requiring and/or enforcing the method of election imposed on the City of Decatur in the CMA, and/or other defective portions of the CMA, the Defendants will continue to deny to the Plaintiff his constitutional rights in violation of the equal protection rights accorded him by the Alabama Constitution.

## COUNT III
### Violation of the Due Process Provisions of the Alabama Constitution

44. The Alabama Constitution guarantees all citizens due process.

45. By arbitrarily and capriciously denying the Plaintiff his fundamental

rights, including the right to change his form of government, the Defendants have violated the due process rights accorded the Plaintiff by the Alabama Constitution.

46. In their actions toward the Plaintiff, the Defendants have acted wilfully, intentionally and with callous and reckless indifference to the Plaintiff's rights under the Alabama Constitution.

47. Absent an injunction restraining the Defendants from enforcing and/or requiring the method of election imposed on the City of Decatur in the CMA, and/or other defective portions of the CMA, the Defendants will continue to deny the Plaintiff his fundamental rights in violation of the Plaintiff's right to due process.

## COUNT IV
### Ala. Code § 11-43A-1, et seq. (1975)

48. The Plaintiff's rights, status, or other legal relations were affected by a statute when the voters of the City of Decatur adopted the council-manager form of government in accordance with the CMA.

49. Under the CMA, specifically Ala. Code 11-43A-6 (1975), the

provisions of the CMA shall be adopted following a successful referendum on the question of adoption.

50. The Defendants have not implemented the provisions of the CMA as required under 11-43A-6.

51. The Defendants contend that the method of election and/or other portions of the CMA cannot be implemented under the VRA.

52. However, the nominally mandatory portions of the CMA at issue according to the Defendants must be interpreted as discretionary under well established principles of Alabama state law. Therefore, the CMA can be implemented without jeopardizing the rights of the Plaintiff or the African-American citizens of the City of Decatur.

53. As the Defendants' contention is that they are precluded from implementing the CMA due to the method of election it imposes on Class Four municipalities and the City of Decatur in particular, and/or other defective portions of the CMA, the Plaintiff requires a declaration of his rights, status, or other legal relations under the CMA in light of the arguments put forth by all parties.

## COUNT V

## Ala. Code § 1-1-16 (1975)

54. The Plaintiff's rights, status, or other legal relations were affected by a statute when the Defendants refused to implement the CMA due to the method of election it imposes on Class Four municipalities.

55. The Defendants contend that they are precluded from implementing the method of election required of Class Four municipalities under the CMA, and therefore every provision of the CMA, by the Voting Rights Act.

56. The Plaintiff now contends that the method of election mandated for Class Four municipalities by the CMA is unconstitutional, if prevented by the VRA, as it violates his right to change his form of government and his rights to due process and equal protection.

57. The Code of Alabama provides for the general severability of all invalid or unconstitutional statutes:

> If any provision of this code or any amendment hereto, or any other statute, or the application thereof to any person, thing or circumstances, is held invalid by a court of competent jurisdiction, such invalidity shall not affect the provisions or application of this code or such amendment or statute that can be given effect

without the invalid provisions or application, and to this end, the provisions of this code and such amendments and statutes are declared to be severable.

Ala. Code § 1-1-16 (1975).

58. As both the Plaintiff and the Defendants now claim, under alternative theories, that the method of election imposed on the City of Decatur by the CMA is invalid and/or unconstitutional, the Plaintiff requires a declaration of his rights, status, or other legal relations under Ala. Code 1-1-16 (1975).

## COUNT VI
## Ala. Code § 11-43-63 (1975)

59. The Plaintiff's rights, status, or other legal relations were affected by a statute when the voters of the City of Decatur adopted the council-manager form of government in accordance with the CMA.

60. The passage of the CMA by the voters of the City of Decatur placed the Defendants under an affirmative duty under state law to implement the provisions of the CMA.

61. The CMA method of election applicable to the City of Decatur provides for two at-large council districts.

62. The Code of Alabama contains an independent statutory mechanism

for converting at-large council districts to single-member districts, Ala. Code § 11-43-63, which provides as follows: "Any city...council of this state not currently electing its members from single-member districts pursuant to state law may...divide the municipality into single-member districts."

63. Although the language of § 11-43-63 is discretionary, the Defendants' affirmative duty under state law to implement the CMA, if incompatible with the Voting Rights Act, requires them to exercise the authority granted under § 11-43-63.

64. Therefore, the Plaintiff requires a declaration of his rights, status, or other legal relations under Ala. Code § 11-43-63.

## V.  Prayer for Relief

Wherefore, the Plaintiff requests that the Court grant the following alternative forms of relief against the Defendants as they may be found appropriate:

A. That the court enter an Order declaring the statutes in the CMA which

outline a method of election and time for change in government to be permissive and not directory;

 B. That the court enter an Order declaring the method of election mandated by the CMA for the City of Decatur to be unconstitutional, discriminatory, and unlawful under state law as it applies to the City of Decatur;

 B. That the court enter an Order enjoining the Defendants from enforcing and/or requiring the method of election in the CMA required of Class Four municipalities in the City of Decatur;

 C. That the court enter an order declaring the Defendants' actions in refusing to implement or seek to implement the CMA unconstitutional, discriminatory, and unlawful under state law;

 D. That the court enter an order declaring the unconstitutional and/or invalid provisions of the CMA are severed from the rest of the Act;

 E. That the court enter an order requiring the Defendants to exercise the statutory authority given them under Ala. Code § 11-43-63;

 F. That the court enter an order requiring the Defendants to implement

the CMA to the extent allowed by law;

    G.    That the court award the Plaintiff his attorney's fees and costs;

    H.    Such other declaratory, equitable, and/or injunctive relief as the court may deem appropriate; and

    I.    Any other relief to which the Plaintiff may be entitled.

Respectfully submitted this the 1st day of September, 2014.

                                              /s/ Russ Prickett
                                              <u>/s/ Carl Cole</u>
                                              Attorneys for the Plaintiff

The Cole Law Firm
P.O. Box 2064
Decatur, AL 35602

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing with the Clerk of Court for the United States District Court for the Northern District of Alabama by using the district court CM/ECF system on September 1, 2014.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Russ Prickett*

Attorney for the Plaintiff