

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| GARY VOKETZ, for himself and on behalf of the citizens of Decatur, Alabama, and the State of Alabama, )<br><br>Plaintiff, )<br><br>v. )<br><br>THE CITY OF DECATUR, ALABAMA, a municipal corporation, THE CITY COUNCIL OF DECATUR, DON KYLE, ROGER ANDERS, BILLY JACKSON, GARY HAMMON, CHARLES KIRBY, and CHUCK ARD, in both their individual and official capacities, )<br><br>Defendants. )<br><br>and )<br><br>AL ROBINSON, DORIS A. BAKER, DR. SAMUEL T. KING, and ANNIE R. PRIEST, )<br><br>Intervenor-Defendants ) | CASE NO. 5:14-CV-540-AKK |

MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS
AS TO CLAIMS ALLEGED IN PLAINTIFF'S AMENDED COMPLAINT

Defendants City of Decatur, Alabama, the defendant designated as "the City

Council of Decatur," Don Kyle, Roger Anders, Billy Jackson, Gary Hammon,

Charles Kirby, and Chuck Ard, individually and in their official capacities, move for

summary judgment on the claims alleged by plaintiff in his amended complaint in this action pursuant to Fed.R.Civ.Proc. 56. There is no genuine issue as to any material fact that said defendants are entitled to summary judgment in their favor as a matter of law and a dismissal of the plaintiff's complaint. As grounds for their motion, said defendants state:

1.   This action was commenced on February 27, 2014 by the filing of a complaint in the Circuit Court for Morgan County, Alabama by plaintiff Gary Voketz. The matters alleged in the complaint arose from an election held in April of 2010 in which a majority of those voting approved a council-manager form of government for the City of Decatur, Alabama. Under Alabama state law, the council-manager form of government approved in the referendum has two council members elected at large (one of whom is to serve as Mayor), and three council members elected from single-member districts. See Ala Code § 11-43A-8. The complaint sought an order from the Circuit Court of Morgan County "declar[ing] §11-43A-6 of the Council Manager Act of 1982 mandatory and . . . immediate implementation of the Act's provisions for the City of Decatur."

2.   Since 1988 the City of Decatur has had a method of election for the city council which involves five single-member districts. This method of election was adopted as a part of the settlement of a Voting Rights Act action in the case of

*Dillard v. City of Decatur*, CA No. 87-T-1197-N (M.D. Ala., Nov. 13, 1987). The City of Decatur has refused to implement the council-manager form of government because the statutorily mandated method of election for that form of government would be in violation of the Voting Rights Act.

    3.    Plaintiff has now filed an amended complaint in this action. (Doc. No.31). Plaintiff states in his amended complaint that he "brings this action to redress the Defendants' refusal to honor the results of a referendum conducted pursuant to the Council-Manager Act of 1982 or to allow those results to be honored." Id at 1-2. Plaintiff contends in his amended complaint that he is entitled to a declaratory judgment as to whether the City of Decatur defendants "are precluded from implementing the [Council-Manager form of government authorized under the Council-Manager Act of 1982] due to the method of election it imposes on . . . the City of Decatur . . . and/or other defective portions of the [Council-Manager Act]." Id. at 14. Specifically, plaintiff contends that he is entitled to "a declaration of his rights, status, or other legal relations under the [Council-Manager Act of 1982] in light of the arguments put forth by all parties." Id. See also id. at 15-16 (noting that defendants "contend that they are precluded from implementing the method of election . . . under the [Council-Manager Act], and therefore every provision of the [Council-Manager Act] by the Voting Rights Act."). Plaintiff alleges that because the City of Decatur defendants "claim . . . that

the method of election imposed on the City by the [Council-Manager Act] is invalid . . . plaintiff requires a declaration of his rights, status, or other legal relations." Id. at 16.

4.  The defendants are entitled to summary judgment on all of plaintiff's claims, based on Section 5 of the Voting Rights Act.  Neither the form of government nor the method of election provided for under the Council-Manager Act of 1982 may be imposed upon the City of Decatur. A change to the council-manager form of government and method of electing City officials approved in the 2010 referendum would violate Section 5 of the Voting Rights Act of 1965 as amended, 52 U.S.C. § 10304, and that change has not been made presently enforceable by the Supreme Court's June 25, 2013, decision in *Shelby County v. Holder*, 133 S.Ct. 2612, 2631 (2013). The Supreme Court's decision in *Shelby County* is prospective only in its application.

5.  This motion for summary judgment is supported by the brief and previously filed evidentiary materials referred to therein.

s/ George W. Royer, Jr.
George W. Royer, Jr.

LANIER FORD SHAVER & PAYNE, P.C.
P. O. Box 2087
2101 West Clinton Avenue,  Suite 102 (35805)
Huntsville, AL 35804
Phone: 256-535-1100 / Fax: 256-533-9322
E-mail: gwr@lfsp.com

                        s/ James U. Blacksher
                        James U. Blacksher

P.O. Box 636
Birmingham, AL 35201
Phone: 205-591-7238 / Fax: 866-845-4395
jblacksher@ns.sympatico.ca

Attorneys for Defendants City of Decatur, Alabama, City Council of Decatur, Don Kyle, Roger Anders, Billy Jackson, Gary Hammon, Charles Kirby, and Chuck Ard

CERTIFICATE OF SERVICE

I certify that I have filed the foregoing with the Clerk of the Court using the ECF System, which will send notification of such filing to those parties of record who are registered for electronic filing, and further certify that those parties of record who are not registered for electronic filing have been served by mail by depositing a copy of the same in the United States mail, first class postage prepaid and properly addressed to them as follows:

>Carl A. Cole, III
>Russ Prickett
>The Cole Law Firm
>P.O. Box 2064
>Decatur, Alabama 35602
>Carl@CarlColeLaw.com

>Edward Still
>429 Green Springs Hwy, Ste. 161-304
>Birmingham AL 35209
>still@votelaw.com

on this the 2nd day of October, 2014.

>s/ George W. Royer, Jr.
>George W. Royer, Jr.