IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| GARY VOKETZ, for himself and on behalf of the citizens of Decatur, Alabama, and the State of Alabama, </br></br>    Plaintiff, </br></br>v. </br></br>THE CITY OF DECATUR, ALABAMA, a municipal corporation, THE CITY COUNCIL OF DECATUR, DON KYLE, ROGER ANDERS, BILLY JACKSON, GARY HAMMON, CHARLES KIRBY, and CHUCK ARD, in both their individual and official capacities, </br></br>    Defendants. | ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> )    Case No. 5:14-cv-00540-AKK </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

SECOND MOTION FOR SUMMARY JUDGMENT
OF DEFENDANTS WITH RESPECT TO CLAIMS
<u>MADE IN THE AMENDED COMPLAINT</u>

Defendants City of Decatur, Alabama, the defendant designated as "the City Council of Decatur," Don Kyle, Roger Anders, Billy Jackson, Gary Hammon, Charles Kirby, and Chuck Ard, individually and in their official capacities, move for summary judgment in this action pursuant to FED.R.CIV.PROC. 56 with respect to the claims alleged by plaintiff in his amended complaint in this case. There is no genuine issue as to any material fact that said defendants are entitled to summary judgment in their

favor as a matter of law and a dismissal of the plaintiff's complaint. As grounds for their motion, said defendants state:

1. This action was commenced on February 27, 2014 by the filing of a complaint in the Circuit Court for Morgan County, Alabama by plaintiff Gary Voketz. The case was thereafter removed to this Court. The matters alleged in the complaint arose from an election held in April of 2010 in which a majority of those voting approved a change to a council-manager form of government for the City of Decatur, Alabama. Under Alabama state law, the council-manager form of government approved in the referendum has two council members elected at large (one of whom is to serve as Mayor), and three council members elected from single-member districts. See *Ala Code* § 11-43A-8. The complaint sought an order from the Circuit Court of Morgan County "declar[ing] § 11-43A-6 of the Council Manager Act of 1982 mandatory and . . . immediate implementation of the Act's provisions for the City of Decatur."

2. Since 1988 the City of Decatur has had a method of election for the city council which involves five single-member districts. This method of election was adopted as a part of the settlement of a Voting Rights Act action in the case of *Dillard v. City of Decatur*, CA No. 87-T-1197-N (M.D. Ala., Nov. 13, 1987). The City of Decatur has refused to implement the council-manager form of government because

the statutorily mandated method of election for that form of government would have a retrogressive impact on black voters of Decatur and would be in violation of the Voting Rights Act.

3. On March 26, 2014, the City defendants filed a motion for summary judgment premised upon a contention that implementation of the election scheme mandated by the Council-Manager Act of 1982 (CMA) would violate the Voting Rights Act. (Doc. 4). Following the filing of the defendants' motion for summary judgment, plaintiff Voketz filed an amended complaint on September 22, 2014. (Doc. 31).

4. The amended complaint, to the extent it is coherent at all, raises novel and frivolous state law claims, all of which appear to presuppose that had the City of Decatur implemented the two at-large, three-district method of election prescribed by the CMA, it would have violated Section 2 of the VRA. But the amended complaint, while acknowledging defendants' assertion "that implementation of the method of election required in the City of Decatur by the CMA would violate Section Two of the Voting Rights Act," Doc. 31 at ¶ 24, does not explicitly admit this Section 2 violation. Instead, it seems to allege that plaintiff's state law claims are conditional and should be considered only if implementation of the method of election in the CMA would violate the Voting Rights Act. Doc. 31 at ¶ 56, 57, 63.

5.      In the amended complaint, plaintiff notes the City defendants' position that they are precluded from implementing the CMA because to do so would violate the Voting Rights Act.  "The Defendants contend that the method of election amend/or other portions of the [CMA] cannot be implemented under the [Voting Rights Act]." (Doc. 31. at 14).  The amended complaint states that plaintiff "brings this action to redress the Defendants' refusal to honor the results of a referendum conducted pursuant to the Council-Manager Act of 1982 or to allow those results to be honored." Id. at 1-2.  Plaintiff contends that he is entitled to a declaratory judgment as to whether the City of Decatur defendants "are precluded from implementing the [Council-Manager form of government authorized under the CMA] due to the method of election it imposes on . . . the City of Decatur . . . and/or other defective portions of the [CMA]." Id. at 14.[1]

6.      Therefore, as this Court acknowledged in its September 10 opinion, Doc. 48 at 4, it now must decide the Section 2 issue which was first presented in the City defendants' motion for summary judgment, Doc. 4, filed in response to the original complaint.  By this second motion for summary judgment with respect to the amended

---

[1] See also id. at 15-16. (noting that defendants "contend that they are precluded from implementing the method of election . . . under the [CMA], and therefore every provision of the [CMA] by the Voting Rights Act.")  Plaintiff alleges that because the City of Decatur defendants "claim . . . that the method of election imposed on the City by the [CMA] is invalid . . . plaintiff requires a declaration of his rights, status, or other legal relations." Id. at 16.

4

complaint, the defendants are renewing their request for summary judgment based on their Section 2 defense.

7.  The defendants are entitled to summary judgment in their favor in this action because implementation of the council-manager form of government and the statutorily required method of election under *Ala Code* § 11-43A-8 would violate Section 2 of the Voting Rights Act.

8.  This motion for summary judgment is supported by the brief and evidentiary submission filed herewith.

s/ George W. Royer, Jr.
George W. Royer, Jr.

LANIER FORD SHAVER & PAYNE, P.C.
P. O. Box 2087
2101 West Clinton Avenue, Suite 102 (35805)
Huntsville, AL 35804
Phone: 256-535-1100 / Fax: 256-533-9322
E-mail: gwr@lfsp.com

s/ James U. Blacksher
James U. Blacksher

P.O. Box 636
Birmingham, AL 35201
Phone: 205-591-7238 / Fax: 866-845-4395
jblacksher@ns.sympatico.ca

Attorneys for Defendants City of Decatur, Alabama,

City Council of Decatur, Don Kyle, Roger Anders,
Billy Jackson, Gary Hammon, Charles Kirby, and Chuck Ard

## CERTIFICATE OF SERVICE

      I certify that I have filed the foregoing with the Clerk of the Court using the ECF System, which will send notification of such filing to those parties of record who are registered for electronic filing, and further certify that those parties of record who are not registered for electronic filing have been served by mail by depositing a copy of the same in the United States mail, first class postage prepaid and properly addressed to them as follows:

> Carl A. Cole, III
> Russ Prickett
> The Cole Law Firm
> P.O. Box 2064
> Decatur, Alabama 35602

on this the 9th day of October, 2015.

                                                s/ George W. Royer, Jr.
                                                George W. Royer, Jr.