Voketz v. The City of Decatur,
Alabama, et al.

October 7, 2015, Declaration of Herman H. Marks, Jr.
and Exhibits 1-6 Thereto

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| GARY VOKETZ, for himself and on behalf of the citizens of Decatur, Alabama, and the State of Alabama,<br><br>    Plaintiff,<br><br>v.<br><br>THE CITY OF DECATUR, ALABAMA, a municipal corporation, THE CITY COUNCIL OF DECATUR, DON KYLE, ROGER ANDERS, BILLY JACKSON, GARY HAMMON, CHARLES KIRBY, and CHUCK ARD, in both their individual and official capacities,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CASE NO. 5:14-CV-00540-<br>)  AKK<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

<u>DECLARATION OF HERMAN H. MARKS, Jr.</u>

I, Herman H. Marks, Jr., under penalty of perjury pursuant to 28 U.S.C. § 1746, do hereby declare and say:

1.    My name is Herman H. Marks, Jr.  I am the City Attorney for the City of Decatur, Alabama.

2.    Prior to 1988, the City of Decatur had a mayor-council form of government under which all five council members were elected by the City's voters at large.

3.    Currently the City of Decatur has a mayor-council form of government that was implemented in 1988 pursuant to a consent decree entered in

*Dillard v. City of Decatur*, CA No. 87-T-1197-N (M.D. Ala., Nov. 13, 1987).  See Exhibits 1, 2 and 3 hereto.  The  mayor-council form of government has five Council members elected from single-member districts, one of which has a black voter majority.

4.     The *Dillard* consent decree required the City of Decatur to adopt an ordinance pursuant to Ala. Act No. 87-191, Ala. Code § 11-43-63, and provided that the court-ordered plan would remain in effect only until such ordinance was adopted.   Accordingly, when the five single-member Council districts were redrawn by ordinance in 2004 and were precleared under § 5 of the Voting Rights Act, the *Dillard* action was dismissed.  See Exhibits 2 and 3 hereto.

5.     In 2010 a majority of those voting approved a change from the five single-member district plan approved in the *Dillard* litigation to a council-manager form of government pursuant to Ala. Code § 11-43A-1, *et seq*.  State law requires that the city council in such a council-manager form of government be composed of two council members elected at large, one of whom serves as mayor and presiding officer, and three council members elected from single-member districts. See Ala. Code § 11-43A-8.  State law further requires that each of the single-member districts "contain[] as nearly an equal number of people as possible."  Ala. Code § 11-43A-9.

6. The City adopted a three-district plan that attempted to satisfy state and federal law, but it did not contain a Council district with a black voting-age majority.

7. When the change to a council-manager form of government, the three-district plan, and related changes were submitted to the U.S. Department of Justice for preclearance under § 5 of the Voting Rights Act, the Chief of the Voting Section on December 19, 2011, sent the Mayor of the City of Decatur a request for additional information regarding the proposed changes in the form of government and method of electing Council members, the decrease in the number of elected officials from six to five, the redistricting plan, and changes in precincts and polling places. A copy of the request for more information received from the DOJ is attached hereto as Exhibit 4.

8. Because the additional information requested by DOJ likely would have shown that some or all of the proposed changes to the council-manager form of government would have violated the Voting Rights Act, Decatur withdrew its request for § 5 preclearance. In connection with the withdrawal of the request for preclearance, the Decatur City Council passed Resolution No. 12-019 on January 23, 2012. Resolution No. 12-019 provided, in pertinent part, as follows:

> WHEREAS, the City Council, Mayor and City Staff with the assistance of the general public diligently sought to formulate a City of Decatur Voting District Plan under the provisions of the Council

3

Manager Act of 1982 (State Law) which would meet the requirements of Federal Law;

WHEREAS, in October 2011 the City submitted to the U.S. Attorney General pursuant to Section 5 of the Voting Rights Act of 1965 a proposed change of government from Mayor-Council to the Council-Manager form of government; the change in the method of election from five single-member districts to three single member districts and two seats on the Council being voted on at large, and the resulting redistricting plan; as all required by the provisions of the Council Manager Act of 1982 (State Law);

WHEREAS, in December 2011 [ ] the Voting Section of the Civil Rights Division of the Department of Justice who is responsible to review Section 5 submittals informed the City that it was unable based on the information provided to pre-clear the City's submittal for the change in form of government and related items;

WHEREAS, municipalities in the State of Alabama have only the authority granted by State Law to form a particular form of government and the City finds and determines that under the provisions of the Council Manager Act of 1982 (State Law) it is required to divide the city into three voting districts each containing as nearly an equal number of people as possible;

WHEREAS, it is mathematically impossible for the City to have three single-member voting districts with each district containing as nearly an equal number of people as possible that will not have a retrogressive impact on the Black voters of Decatur;

WHEREAS, the Council finds and determines that there is no additional information relating to the present Plan submitted or an alternative three single-member voting district plan authorized by the Council Manager Act of 1982 (State Law) which can be submitted to the U.S. Attorney General pursuant to Section 5 of the Voting Rights Act of 1965, that will enable the Justice Department to pre-clear such Plan;

\*   \*   \*

THEREFORE, BE IT RESOLVED by the City Council of the City of Decatur Alabama that the Mayor on behalf of the City is requested and authorized to notify the Voting Section of the Civil Rights Division of the Department of Justice that the City acknowledges its determination of December 2011; and accordingly withdraws the City's request for approval of the submitted three single-member voting district and two seats on the Council being voted on at large Plan because the city has no additional information to provide which will justify pre-clearance of the submitted Plan;

A copy of Resolution No. 12-019 is attached hereto as Exhibit 5.

9.     In addition to withdrawing its request for pre-clearance for the manager-council form of government and the method of election of that form of government, the City of Decatur submitted and obtained § 5 preclearance of the current five single-member Council districts, redrawn with 2010 census data.  A copy of the preclearance letter for the current five single-member Council districts is attached hereto as Exhibit 6.

10.    The regularly scheduled 2012 Mayor and Council elections were held under the precleared five single-member district plan.  The current Mayor and Council members were elected and hold office under that plan.

11.    At my request, City Clerk Stacey Gilly, who is also the Chief election Official for the City of Decatur, collected and delivered to me data files containing official election returns by precinct for the following elections:

2008 Decatur Municipal Election
2008 Decatur Municipal Runoff Election
2010 Decatur Municipal Special Election
2012 Decatur Municipal Election
2012 Decatur Municipal Runoff Election
2012 General Election U.S. Presidential election data retrieved from:
http://www.morgancountyprobate.com/elections.aspx

Ms. Gilly also obtained from the official election records maintained by Morgan

County election officials and delivered to me available registered voter data

disaggregated by race corresponding to the elections listed above. All of this data

was provided to Dr. Stephen P. Cole, for his use in preparing an affidavit to be

filed in this case.

12.    At my request, Karen J. Smith, City Planner for the City of Decatur,

prepared and delivered to me what are called shape files for the City of Decatur

Council Districts approved by the City Council and submitted to the U.S.

Department of Justice in 2011 for three districts and in 2012 for five districts.

Shape files are a common file format used by most GIS software programs to

display geographic boundaries.   The files Ms. Smith delivered to me contained the

official boundaries of the three districts that were adopted in 2011 pursuant to the

1982 Council-Manager Act and the five districts adopted in 2012 in which the

current Council members were elected. All of the shape files prepared by Ms.

Smith were provided to William S. Cooper, for his use in preparing a declaration to

be filed in this case.

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Herman H. Marks, Jr.

Executed this ___7th___ day of October, 2015.

7

EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

FILED

NOV 13 1997

THOMAS C. ~~~~~~ CLER~
BY ~~~~~~~~~~~~~~~~
DEPUTY CLERK

JOHN DILLARD, et al.,          )
                               )
        Plaintiffs,            )
                               )
v.                             )   Civil Action No. CV-85-T-1332-N
                               )
CRENSHAW COUNTY, ALABAMA,      )   Re:  City of Decatur
et al.,                        )
                               )
        Defendants.            )

## CONSENT DECREE

Plaintiffs and defendant City of Decatur having submitted the following terms of settlement and for good cause shown, it is HEREBY ORDERED that defendant City of Decatur, its agents, attorneys, employees and those acting in concert with them or at their discretion, are ENJOINED from conducting the elections for the City of Decatur under the present at-large election system, and are FURTHER ENJOINED as follows:

1.   Elections for the city council of the City of Decatur shall be conducted from 5 single-member districts.  A map and description of the districts is attached.  The members so elected shall continue to have four year terms.

2.   Elections from the single-member districts shall be conducted as follows:

At the regularly scheduled municipal elections in the summer of 1988.

3.   Pursuant to Alabama Act No. 87-191, the City of Decatur shall adopt an ordinance to enact the single-member district

-1-

plan.  The finally-approved court-ordered plan shall remain in effect only until such ordinance is adopted.  Nothing in this consent decree shall preclude the City of Decatur, the Alabama Legislature, or other authority acting under state law, from adopting in the future some other plan which meets the requirements of the law and Constitution of the United States.

4.   The plaintiffs are prevailing parties for the purpose of the award of attorneys' fees and expenses.  If not resolved by the parties the court will, upon proper motion by an party, set the issue for hearing.

DONE this _13th_ day of _November_, 1987.

_____
United States District Judge

AGREED TO:

James U. Blacksher          Edward Still
465 Dauphin Street          714 South 29th Street
Mobile, Alabama  36633      Birmingham, Alabama  35233-2810
(205) 433-2000              (205) 322-6631

Larry T. Menefee            Pamela S. Karlan
Fifth Floor Title Building  Julius L. Chambers
300 Twenty-First Street, North 99 Hudson Street, 16th Floor
Birmingham, Alabama  35203  New York, New York  10013
(205) 322-7300              (212) 219-1900

_____
Larry T. Menefee
Attorney for Plaintiffs


David R. Boyd
Balch & Bingham
P. O. Box 78
Montgomery, Alabama  36101                    11/13/87
(205) 834-6500


_____
Attorney for City of Decatur

-2-

EXHIBIT 2

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

RECEIVED

2005 MAY 26  A 10: 47

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

JOHN HICKMAN, et. al.,                    )
                                          )
            Plaintiffs                    )
                                          )
v.                                        )        Civil Action No 87-T-1197-N
                                          )
CITY OF DECATUR,                          )
                                          )
            Defendant                     )

NOTIFICATION TO COURT OF PRECLEARANCE OF NEW SINGLE MEMBER
DISTRICT PLAN

Comes now the City of Decatur and hereby notifies the Court as follows:

1. The City has received the Section 5 preclearance letter from the Justice
Department, regarding its new single member district plan.  A copy of the letter
is attached.

2. The City does not know of any formal objection to its submitted plan.

3. The City of Decatur does not oppose paying reasonable attorneys' fees not to
exceed $500 to the Plaintiffs' Attorneys on the dismissal of this action.

4. The City believes that the dismissal of this action as relates to it should occur.

Respectfully submitted,

Herman H. Marks, Jr.
City Attorney
402 Lee Street, NE
P. O. Box 488
Decatur, AL  35602
256-341-4513
Ala. Bar Code MAR024

Certificate of Service

I do hereby certify that a copy of this notification was served upon the following Counsel, by first class mail, on this 26th day of May 2004:

James A. Blacksher, Esq.
710 Title Building
300 North 21st Street
Richard Arrington, Jr. Blvd.
Birmingham, AL  35203-3352



Herman Weeks
MAR - 1 2004

**U.S. Department of Justice**

Civil Rights Division

JDR:RPL:TGL:par
DJ 166-012-3
2004-0003
2004-0004
2004-0351

*Voting Section - NWB.*
*950 Pennsylvania Avenue, N.W.*
*Washington, DC 20530*

February 25, 2004

The Honorable Lynn C. Fowler
Mayor
P.O. Box 488
Decatur, Alabama  35602

William E. Shinn, Jr., Esq.
Harris, Caddell & Shanks
P.O. Box 2688
Decatur, Alabama  35602-2688

Dear Mayor Fowler and Mr. Shinn:

This refers to the 2003 redistricting plan for the Decatur
School District in Limestone and Morgan Counties; the 2003
redistricting plan, the realignment of voting precincts, and the
polling place changes for the City of Decatur in Morgan County;
and the realignment of voting precincts and the polling place
change for Morgan County, Alabama, submitted to the Attorney
General pursuant to Section 5 of the Voting Rights Act, 42 U.S.C.
1973c.  We received your submissions on January 5 and 29, 2004.

The Attorney General does not interpose any objection to the
specified changes.  However, we note that Section 5 expressly
provides that the failure of the Attorney General to object does
not bar subsequent litigation to enjoin the enforcement of the
changes.  In addition, as authorized by Section 5, we reserve the
right to reexamine these submissions if additional information
that would otherwise require an objection comes to our attention
during the remainder of the sixty-day review period.  See
Procedures for the Administration of Section 5 of the Voting
Rights Act (28 C.F.R. 51.41).

Sincerely,

Joseph D. Rich
Chief, Voting Section

EXHIBIT 3

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


JOHN DILLARD, et al.,     )
                             )
    Plaintiffs,        )
                             )
    v.                  )    CIVIL ACTION NO.
                             )      2:87cv1197-T
CITY OF DECATUR,       )
                             )
    Defendant.        )

OPINION

By order entered on April 9, 2003 (Doc. No. 38), the
court granted the plaintiffs' motion for proceedings leading
to dismissal of this action, filed March 19, 2003 (Doc. No.
35), to the extent that defendant City of Decatur was "to
notify the court by no later than May 28, 2004, as to
whether its single-member district plan has been
precleared." The court further stated that, "If the plan
has been precleared by then, the court will then award
counsel for plaintiffs an attorney's fee of $ 500.00, and
this case will be dismissed."

On May 26, 2004 (Doc. No. 39), the City of Decatur filed with the court a notice from the Voting Section of the Civil Rights Division of the United States Justice Department indicating that the City of Decatur has obtained preclearance, as required by § 5 of the Voting Rights Act, as amended, 42 U.S.C.A. § 1973c. Accordingly, the plaintiffs are now entitled to an attorney's fee of $ 500.00 and this case is due to be dismissed.

An appropriate judgment will be entered.

DONE, this the 1st day of June, 2004.


   /s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

EXHIBIT 4



**U.S. Department of Justice**

Civil Rights Division

TCH:RSB:JR:AAO:tst:maf
DJ 166-012-3
2011-4375
2011-4690

*Voting Section - NWB*
*950 Pennsylvania Avenue, NW*
*Washington, DC 20530*

December 19, 2011

The Honorable Don Stanford
Mayor
P.O. Box 488
Decatur, Alabama  35602-0488

Dear Mayor Stanford:

This refers to the change from the mayor-council to the council-manager form of government; the change in method of election from five single-member districts to three single-member districts and two seats at-large; the decrease in the number of officials from six to five; the resulting redistricting plan; the realignment of voting precincts; and the polling place change for the City of Decatur in Limestone and Morgan Counties, Alabama; and the change in method of election from five single-member districts to three single-member districts and two seats at-large, the resulting redistricting plan, and the use of county voting precincts and polling places for the Decatur City School District in Limestone and Morgan Counties, Alabama, submitted to the Attorney General pursuant to Section 5 of the Voting Rights Act of 1965, 42 U.S.C. 1973c. We received your submissions on October 20, 2011; additional information was received on October 28, 2011.

Our analysis indicates that the information sent is insufficient to enable us to determine that the proposed changes do not have the purpose and will not have the effect of denying or abridging the right to vote on account of race, color, or membership in a language minority group, as required under Section 5. The following information is necessary so that we may complete our review of your submission:

1. To the extent not previously provided, copies of the following:

      a. all documents relating to the changes, including notes, summaries, minutes, tapes, and transcripts of all discussions, meetings and hearings, whether formal or informal, at which the changes were discussed;

      b. any correspondence among elected officials, employees, consultants, and members of the public that addressed the changes;

      c. all documents, studies, analyses, reports, articles or other material presented to, considered by, or relied upon, by the city in considering the proposed changes; and

      d. all newspaper articles, legal notices, editorials, letters to the editor, advertisements, and any other publicity related to the process of adopting the changes.

-2-

2.  Election returns, by precinct and district, for all county, school district, and municipal elections, including the April 2010 referendum, conducted in the City of Decatur from 2000 to the present, including primary, general, and runoff elections.  For each election, please indicate the following:

> a.  the office/position sought or question presented;

> b.  each candidate's name and race, and identify the incumbent, if any, and whether the incumbent was elected or appointed;

> c.  the number of votes each candidate or question presented received by precinct and district;

> d.  the number of voting age persons and registered voters, by race/ethnicity, precinct, and district, at the time of the election;

> e.  the number of persons who voted by race/ethnicity, precinct, and district; and

> f.  the current number of registered voters, by race, ethnicity, and by precinct, for both the existing districts and the proposed districts.

If available, please provide the data in electronic format (.dbf, .xls, or .txt files).

If exact numbers by race and ethnicity are not available, provide your best estimate and the basis for that estimate.  For items c and e, please indicate whether ballots cast at early voting locations have been reallocated back to the precincts.

4.  A map showing the location of residences of incumbent city council and school board members.

5.  If the city sought to adopt a council-manager form of government while maintaining five single-member districts, please provide a description of its efforts to achieve that result.  If the city made no such efforts, an explanation of why that option was not pursued.

The Attorney General has sixty days to consider a completed submission pursuant to Section 5. This sixty-day review period will begin when we receive the information specified above. Procedures for the Administration of Section 5 of the Voting Rights Act of 1965, 28 C.F.R. 51.37.  However, if no response is received within sixty days of this request, the Attorney General may object to the proposed changes consistent with the burden of proof placed upon the submitting authority. 28 C.F.R. 51.40 and 51.52(a) and (c).  Changes that affect voting are legally unenforceable unless and until the appropriate Section 5 determination has been obtained. *Clark* v. *Roemer*, 500 U.S. 646 (1991); 28 C.F.R. 51.10.  Therefore, please inform us of the action the city and the school district plan to take to comply with this request.

If you have any questions concerning this letter or if we can assist you in obtaining the requested information, please call Abigail Olson (202-305-0787) of our staff.  Refer to File Nos.

-3-

2011-4375 and 2011-4690 in any response to this letter so that your correspondence will be channeled properly.

Sincerely,

T. Christian Herren, Jr.
Chief, Voting Section

EXHIBIT 5

## C E R T I F I C A T I O N

I, Stacy A. Gilley, City Clerk-Treasurer of the City of Decatur, Alabama, do hereby certify that the attached Resolution No. 12-019, is a true and correct copy of said resolution as was adopted by the Decatur City Council at a regular meeting held Monday, January 23, 2012.

IN WITNESS WHEREOF, I have hereon subscribed my name and affixed the Corporate Seal of the City of Decatur, Alabama, on this the 8th day of February, 2012.

Stacy A. Gilley
Clerk-Treasurer
THE CITY OF DECATUR, ALABAMA

RESOLUTION NO. 12-019

WHEREAS, the City Council, Mayor and City Staff with the assistance of the general public  diligently sought to formulate a City of Decatur Voting District Plan under the provisions of the Council Manager Act of 1982 (State Law) which would meet the requirements of Federal Law;

WHEREAS, in October 2011 the City submitted to the U.S. Attorney General pursuant to Section 5 of the Voting Rights Act of 1965 a proposed change of government from Mayor-Council to the Council-Manager form of government; the change in the method of election from five single-member districts to three single member districts and two seats on the Council being voted on at large, and the resulting redistricting plan; all as required by the provisions of the Council Manager Act of 1982 (State Law);

WHEREAS, in December 2011the Voting Section of the Civil Rights Division of the Department of Justice who is responsible to review Section 5 submittals informed the City that it was unable based on the information provided to pre-clear the City's submittal for the change in form of government and related items;

WHEREAS, municipalities in the State of Alabama have only the authority granted by State Law to form a particular form of government and the City finds and determines that under the provisions of the Council Manager Act of 1982 (State Law) it is required to divide the city into three voting districts each containing as nearly an equal number of people as possible;

WHEREAS, it is mathematically impossible for the City to have three single-member voting districts with each district containing as nearly an equal number of people as possible that will not have a retrogressive impact on the Black voters of Decatur;

WHEREAS, the Council finds and determines that there is no additional information relating to the present Plan submitted or an alternative three single-member voting district plan authorized by the Council Manager Act of 1982 (State

Law) which can be submitted to the U.S. Attorney General pursuant to Section 5 of the Voting Rights Act of 1965, that will enable the Justice Department to pre-clear such Plan;

WHEREAS, the School Board Districts under the provisions of State Law parallel the Council Districts, and there is not a feasible method to conduct the school board election under the provisions of the Council Manager Act because of the at large election requirements for two candidates;

WHEREAS, the City Council finds and determines that the City can formulate and approve a five single-member voting district plan that can be pre-cleared by the Justice Department;

THEREFORE, BE IT RESOLVED by the City Council of the City of Decatur Alabama that the Mayor on behalf of the City is requested and authorized to notify the Voting Section of the Civil Rights Division of the Department of Justice that the City acknowledges its determination of December 2011; and accordingly withdraws the City's request for approval of the submitted three single-member voting district and two seats on the Council being voted on at large Plan because the city has no additional information to provide which will justify pre-clearance of the submitted Plan;

BE IT FURTHER RESOLVED by the Council that the City should immediately begin the process of formulating and approving a five single-member voting district Plan under the present form of government to be promptly submitted to the Justice Department requesting pre-clearance.

Adopted this 23rd day of January 2012.

EXHIBIT 6



**U.S. Department of Justice**

Civil Rights Division

TCH:RSB:JR:AAO:tst
DJ 166-012-3
2012-0671
2012-1902

*Voting Section - NWB*
*950 Pennsylvania Avenue, NW*
*Washington, DC 20530*

April 6, 2012

The Honorable Don Stanford
Mayor
P.O. Box 488
Decatur, Alabama 35602-0488

Dear Mayor Stanford:

    This refers to the 2012 redistricting plans for the council and school district; the realignment of voting precincts for the city; and the use of the county voting method for the Decatur City School District and the City of Decatur in Limestone and Morgan Counties, Alabama, submitted to the Attorney General pursuant to Section 5 of the Voting Rights Act of 1965, 42 U.S.C. 1973c. We received your submissions on February 13, 2012; additional information was received through March 22, 2012.

    The Attorney General does not interpose any objection to the specified changes. However, we note that Section 5 expressly provides that the failure of the Attorney General to object does not bar subsequent litigation to enjoin the enforcement of the changes. Procedures for the Administration of Section 5 of the Voting Rights Act of 1965, 28 C.F.R. 51.41.

    We have reviewed the use of the county voting method by the city and the school district as a recurrent practice pursuant to 28 C.F.R. 51.14. Thus, these entities need not submit future implementation of this same practice.

Sincerely,

T. Christian Herren, Jr.
Chief, Voting Section