IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| GARY VOKETZ, et al., | ) |
| Plaintiff, | ) |
| v. | ) |
| THE CITY OF DECATUR, ALABAMA, et al., | ) CASE NO. 5:14-CV-540-AKK |
| Defendants. | ) |
| and | ) |
| AL ROBINSON, et al., | ) |
| Intervenor-Defendants | ) |

**DEFENDANTS' MOTION FOR RECONSIDERATION OF
ORDER DENYING THEIR MOTION FOR SUMMARY JUDGMENT
BASED ON COMPLIANCE WITH SECTION 5
OF THE VOTING RIGHTS ACT**

Defendants City of Decatur, et al., through undersigned counsel, in light of the Supreme Court's decision in *Harris v. Arizona Independent Redistricting Commission*, __ U.S. __, 2016 WL 1574579 (April 20, 2016), move for reconsideration of this Court's order, Doc. 48, denying defendants' motion for summary judgment based on Section 5 of the Voting Rights Act, 52 U.S.C. § 10304, Doc. 34. As grounds for their motion, defendants would show as follows:

1.  Defendants' motion for summary judgment, Doc. 34, with respect to plaintiff's amended complaint, Doc. 31, alleged that a change to the council-manager form of government and method of electing City officials approved in the 2010 referendum would violate Section 5 of the Voting Rights Act of 1965 as amended, 52 U.S.C. § 10304, and that change has not been made presently enforceable by *Shelby County v. Holder*, 133 S.Ct. 2612 (2013), because the Supreme Court's decision in *Shelby County* is prospective only in its application. Defendants further contended that, even if *Shelby County* operates retroactively, it did not invalidate Section 5 proceedings that were no longer open on direct review. Defendants' summary judgment reply brief, Doc. 45 at 7-10 (citing *Reynoldsville Casket Co. v. Hyde*, 514 U.S. 749, 758 (1995)).

2.  This Court denied summary judgment, concluding that "the defendants' motion fails because their position that the Supreme Court intended *Shelby County* to apply only prospectively is contrary to well-established precedent." Doc. 48 at 3.

3.  Defendants moved for certification, pursuant to 28 U.S.C. § 1292(b), of an interlocutory appeal of the order denying summary judgment. Doc. 52. Defendants' reply to plaintiff's opposition to certification pointed to the pendency of *Harris* and suggested that the Supreme Court might address the question whether previously

covered jurisdictions are still legally bound by the resolution of Section 5 proceedings completed before *Shelby County*. Doc. 55 at 7.

4. The Supreme Court's unanimous opinion in Harris does address this question and holds that *Shelby County* is to be applied prospectively:

> Third, appellants point to *Shelby County v. Holder*, 570 U.S. —— (2013), in which this Court held unconstitutional sections of the Voting Rights Act that are relevant to this case. Appellants contend that, as a result of that holding, Arizona's attempt to comply with the Act could not have been a legitimate state interest. The Court decided *Shelby County*, however, in 2013. Arizona created the plan at issue here in 2010. At the time, Arizona was subject to the Voting Rights Act, and we have never suggested the contrary.

2016 WL 1574579 at *8.

5. *Harris* further holds that a jurisdiction covered under Section 4(b) of the Voting Rights Act, 52 U.S.C. § 10304(b), "can obtain legal assurance that it has satisfied the [Section 5] non-retrogression requirement if it submits its proposed plan to the Federal Department of Justice, and the Department does not object to the plan within 60 days." 2016 WL 1574579 at *5 (citations omitted). In the instant action, as was the case in *Harris*, under Section 5 "[a] plan leads to impermissible retrogression when, compared to the plan currently in effect (typically called a 'benchmark plan'), the new plan diminishes the number of districts in which minority groups can 'elect their preferred candidates of choice' (often called 'ability-to-elect' districts).'" Id. (citation omitted).

6. Arizona obtained Justice Department preclearance of its legislative redistricting plan in 2012, the same year Decatur obtained preclearance of its redistricting plan. Arizona's "legal assurance" of compliance with Section 5 was not undermined by *Shelby County*. "While *Shelby County* struck down the § 4(b) coverage formula, that decision came after the maps in this case were drawn." 2016 WL 1574579 at *5. The City of Decatur today has the same legal assurance that its existing five-district mayor-council plan complies with Section 5.

7. The only factual difference between *Harris* and the instant action is that Arizona obtained preclearance of its initial DOJ submission, while Decatur, in response to DOJ's more information request (MIR), withdrew its submission of the three-district council-manager plan before obtaining preclearance of its five-district mayor-council plan. As defendants have pointed out, Doc. 13 at 19-20 and Doc. 55 at 5, MIRs were widely used by DOJ to obtain compliance with Section 5. See C.F.R. §§ 51.37 and 51.25. Because, under the Supremacy Clause, Section 5 trumps state law, and because Decatur could not "seek to administer," 52 U.S.C. § 10304(a), the council-manager form of government if it resulted in retrogression with respect to the ability of black citizens to elect candidates of their choice, it correctly sought and obtained "legal assurance" that its continued administration of a redistricted mayor-council plan complies with Section 5 of the Voting Rights Act. The *Shelby*

4

*County* decision did not strike down Section 5, and it did not relieve Decatur from its continuing obligation to maintain the precleared mayor-council plan until it is changed by future state action that complies with federal law.

WHEREFORE, defendants' motion for summary judgment should be granted, and plaintiff's amended complaint should be dismissed.


                                                s/ George W. Royer, Jr.
                                                George W. Royer, Jr.

LANIER FORD SHAVER & PAYNE, P.C.
P. O. Box 2087
2101 West Clinton Avenue, Suite 102 (35805)
Huntsville, AL 35804
Phone: 256-535-1100 / Fax: 256-533-9322
E-mail: gwr@lfsp.com

                                                s/ James U. Blacksher
                                                James U. Blacksher

P.O. Box 636
Birmingham, AL 35201
Phone: 205-591-7238 / Fax: 866-845-4395
jblacksher@ns.sympatico.ca

Attorneys for Defendants City of Decatur, Alabama,
City Council of Decatur, Don Kyle, Roger Anders,
Billy Jackson, Gary Hammon, Charles Kirby, and
Chuck Ard

CERTIFICATE OF SERVICE

    I certify that I have filed the foregoing with the Clerk of the Court using the ECF System, which will send notification of such filing to those parties of record who are registered for electronic filing, and further certify that those parties of record who are not registered for electronic filing have been served by mail by depositing a copy of the same in the United States mail, first class postage prepaid and properly addressed to them as follows:

        Carl A. Cole, III
        Russ Prickett
        The Cole Law Firm
        P.O. Box 2064
        Decatur, Alabama 35602
        Carl@CarlColeLaw.com

        Edward Still
        429 Green Springs Hwy, Ste. 161-304
        Birmingham AL 35209
        still@votelaw.com

on this the 28th day of April, 2016.

                                      s/ George W. Royer, Jr.
                                      George W. Royer, Jr.