

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| GARY VOKETZ, et al., | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE CITY OF DECATUR, ALABAMA, et al., | ) CASE NO. 5:14-CV-540-AKK |
| | ) |
|       Defendants. | ) |
| | ) |
| and | ) |
| | ) |
| AL ROBINSON, et al., | ) |
| | ) |
|       Intervenor-Defendants | ) |

**DEFENDANTS' BRIEF SUPPORTING
MOTION FOR JUDGMENT ON THE PLEADINGS**

A. <u>Introduction</u>.

Plaintiff Voketz seeks enforcement of the 2010 referendum only prospectively, not retroactively.   See *Voketz v. City of Decatur*, 904 F.3d 902, 906, 909-10 (11th Cir. 2018).  His amended complaint alleges that the Council Manager Act of 1982 ("CMA") mandates a Decatur city council elected from three single-member districts and two at large.  But if the reduction of single-member districts from the current five to three violates Section 2 of the Voting Rights Act and/or the Fourteenth and

Fifteenth Amendments, Voketz asks this Court to order the City to implement the 2010 referendum and "exercise discretion" allegedly provided by state law to increase the number of single-member districts enough to avoid violating federal law.

However, since the filing of Voketz's amended complaint state law has changed. Amendments to the CMA enacted by the Legislature in 2018 and 2019 now expressly provide that if the CMA is adopted by a municipality then utilizing single-member districts (such as Decatur), **only** a four or six single-member district city council form of government, may be implemented. The 2019 amendment to the CMA, **also requires that before a four or six single-member district plan can be implemented, a referendum must be held with the number of single-member districts specified on the referendum ballot**. There has been no referendum since the 2018 and 2019 amendments to the CMA, and the 2010 referendum ballot did not meet this requirement. As a consequence, the 2010 referendum, which only authorized the then-existing three single member district city council plan under the CMA, cannot not now be implemented for the City of Decatur as a matter of current state law. In addition, the four or six single-member district plan now required under the CMA for Decatur cannot be implemented because there has been no referendum in which the number of single-member districts was submitted to the voters for approval.

2

Because plaintiff Voketz's claims are now barred by state law it is not necessary for this Court to decide defendants' affirmative defenses based on federal law, i.e., Section 2 of the Voting Rights Act and the Fourteenth and Fifteenth Amendments.  Accordingly, Voketz's amended complaint should be dismissed.

B.  Voketz Seeks Prospective Relief Only.

In reversing this Court's summary judgment based on Section 5 of the Voting Rights Act, the Eleventh Circuit emphasized that Voketz was seeking only *prospective* relief, not retroactive enforcement of the 2010 referendum.

> At issue in this appeal is whether § 5 prohibits Defendants from implementing the 2010 referendum now in 2018.  . . . *Shelby County* struck down § 4(b)'s coverage formula as unconstitutional.  As a result, there are no covered jurisdictions for § 5 to apply to, so § 5 is functionally unenforceable.  From this, it logically follows that § 5 does not restrict Decatur's post-*Shelby County* implementation of the 2010 referendum.  Because Voketz seeks only to compel Defendants to implement the referendum *going forward*, § 5 cannot prohibit it because § 5 no longer applies to Decatur.  And, because Voketz seeks *only prospective relief*, Shelby County's retroactivity is not at issue."
>   . . .
> As a result, § 5 is inapplicable to Decatur, a formerly covered jurisdiction, and does not prohibit Decatur from now altering its voting procedures.  And *that is precisely what Voketz seeks—purely prospective relief* requiring Defendants to implement the 2010 referendum *going forward*. Because Decatur is no longer a covered jurisdiction under § 4(b)—and thus no longer subject to § 5—§ 5 does not currently prohibit Decatur from altering its voting procedures. Although § 5 may have prohibited implementing the referendum without preclearance when it was originally passed before *Shelby County* (an issue we do not address here), that plainly is not the case now that

3

> Decatur is no longer a covered jurisdiction. Thus, § 5 cannot prohibit any voting procedure change that Decatur makes *now or in the future*.

*Voketz v. City of Decatur*, 904 F.3d 902, 906, 909 (11th Cir. 2018) (emphases added).

The Court of Appeals might have affirmed this Court's ruling based on Section 5 if Voketz had been claiming the right to retroactive enforcement of the 2010 referendum under state law as it existed in 2010:

> If Voketz was challenging pre-*Shelby County* actions based on Defendants' failure to implement the referendum, *Shelby County's* retroactivity might be at issue. But this case does not concern retroactivity. Voketz seeks *only prospective declaratory and injunctive relief that requires Decatur to implement the referendum going forward. Shelby County* need not be retroactive for Voketz to be entitled to such relief.

Id. at 909-10 (emphases added). The conclusion of the Eleventh Circuit's opinion gave these instructions: "It may be that Section 2 of the Voting Rights Act, the Constitution, ***or state law*** could impose some obstacle that prevents Defendants from implementing the 2010 referendum now. We do not know the answer to that question. What we do know is that Section 5 does not stand in the way." Id. at 910 (emphasis added).

### C.  Voketz's Claims Clarified.

Plaintiff's amended complaint was filed September 22, 2014. (Doc. 31).  Here is an attempt to clarify what it alleges.  "Under the CMA, class Four municipalities,

4

which includes the City of Decatur, are required to have three single member districts and two at-large districts." (Doc. 31, ¶ 12).[1]  Nowhere does the amended complaint explicitly deny that this 3-2 election scheme would violate Section 2 of the Voting Rights Act.  Instead, Voketz alleges that the mandatory 3-2 scheme violates certain personal rights he finds in the Alabama Constitution.  "The mandatory nature of the method of election imposed on the City of Decatur in the CMA is in direct conflict with the fundamental right of the Plaintiff to change his form of government by the referendum process set out in the CMA."  (Doc. 31, ¶ 30).  He seeks a declaratory judgment "stating that any nominally mandatory provision of the CMA . . . is instead discretionary and is not required to be implemented under the CMA," id., ¶ 35, and "an injunction restraining the Defendants from requiring and/or enforcing the method of election imposed on Class Four municipalities in the CMA, and/or other defective portions of the CMA."  (Id., ¶¶ 38, 43, 47).  He asks this Court to order Decatur to implement the 2010 referendum with an election system that would not violate the Voting Rights Act.  "[T]he nominally mandatory portions of the CMA at issue according to the Defendants must be interpreted as discretionary under well established principles of Alabama state law. Therefore, the CMA can be implemented without jeopardizing the rights of the Plaintiff or the African-American citizens of the

---

[1]  The City of Decatur is actually a class Five municipality under Alabama law.

City of Decatur."  (Id., ¶ 52).  "As *both the Plaintiff and the Defendants* now claim,

under alternative theories, that the method of election imposed on the City of Decatur

by the CMA is invalid and/or unconstitutional, the Plaintiff requires a declaration of

his rights, status, or other legal relations under Ala. Code 1-1-16 (1975)." (Id. 31, ¶

58) (emphasis added).  Specifically, the amended complaint claims that Ala. Code §

11-43-63 authorizes Decatur to change the number of single-member districts

mandated by the CMA, *even though § 11-43-63 is inapplicable on its face*, applying

only to municipalities "not currently electing its members from single-member

districts pursuant to state law."  (Id., ¶ 62).

The prayer for relief in the amended complaint asks this Court to declare the

"defective" provisions in the CMA "to be permissive and not directory," to declare

the CMA method of election unconstitutional under state law and severable from the

rest of the Act.  (Doc. 31 ¶¶ A-D).  It concludes with these two specific prayers for

relief:

> E. That the court enter an order requiring the Defendants to exercise the statutory authority given them under Ala. Code § 11-43-63;

> F. That the court enter an order requiring the Defendants to implement the CMA to the extent allowed by law....

(Id., pp. 18-19).  In short, because at the time the amended complaint was filed the

CMA gave Decatur no option to enforce the 2010 referendum without decreasing the

number of single-member council districts from five to three, Voketz asked this Court

to disregard the express provisions of state law – as it existed at the time he filed an

amended complaint –  and order Decatur to enforce the 2010 referendum with more

single-member districts than those specified by the CMA.

> D.     The CMA Was Amended in 2018 and 2019 To Authorize Four or
>        Six Single-member Districts, But the 2010 Referendum Ballot
>        Did Not Meet the Required Notice To Voters the Amendments
>        Require                                                         .

The CMA was amended by Act No. 2018-569 and Act No. 2019-360.[2]  See

Exhibits A and B to this brief.  The amendments are now codified in Ala. Code §

11-43A-1.1:

> *Notwithstanding any other provision of this article*, after the judge of
> probate has certified to the mayor or other chief executive officer of the
> municipality the sufficiency of a petition asking that the question of the
> adoption of the council-manager form of government be submitted to the
> qualified voters of the municipality, any Class 4, 5, 6, 7, or 8
> municipality having the mayor-council form of government, by
> resolution of the council, may provide for the council in a municipality
> proposing to adopt the council-manager form of government to be
> composed of either five or seven members as follows: One member shall
> be the mayor elected at large, who shall be a voting member of the
> council and *either four or six members shall be council members elected
> either at large or from single-member districts*, as the resolution shall
> provide. *If a municipality has single-member districts for the election of
> council members when the council-manager form of government is*

---

[2]  The provisions of Act 2019-360 became effective on June 4, 2019, when it was signed by
the Governor.  Copies of Act 2018-569 and Act No. 2019-360 are attached hereto as Appendices A
and B respectively for the Court's convenience.

*adopted* in the municipality, the municipality *shall* continue with *either four or six council members elected from single-member districts* and the mayor shall be elected at large. *The question on the ballot shall indicate the composition of the mayor and council should the council-manager form of government be adopted.* If the adoption of the council-manager form of government is approved as provided in Section 11-43A-6, the municipality shall be governed by this article, except to the extent of any direct conflict in this article concerning the number and election of members of the council as provided in this section.

(emphases added.)

First, it should be noted that, because Decatur has had single-member council districts since 1988, if a council-manager form of government is adopted **it must include either four or six single-member districts under § 11-43A-1.1.** Because of the 2018 and 2019 amendments to the CMA and embodied in § 11-43A-1.1, Decatur may **not** now decide to adopt the three single-member districts specified by § 11-43A-8.[3]

Second, Decatur cannot now – under any novel state law theory – enforce the 2010 referendum, because the 2010 ballot did not inform the City's voters that the change in government would include either four or six single-member Council districts. As a consequence, before a council-manager form of government with

---

[3]   The three single-member district scheme provided for under Ala. Code § 11-43A-8 does retain a limited field of operation following the 2018 and 2019 amendments. However, it now only applies to municipalities which do not have single-member districts at the time the CMA is adopted in a particular municipality, i.e., municipalities with city councils elected at large.

either four or six single-member districts can be adopted by Decatur under the CMA, **a new referendum must be held** with the specific question as to the number of single- member districts put to the voters as required under § 11-43A-1.1.

E.      Under the Amended Alabama Law, the Amended Complaint Must Be Dismissed                                                                           .

Since Voketz seeks only prospective relief, and not retroactive relief, a court order in his favor must look to state law **as it is currently written**, not as it was written in 2010.   And because of the 2018 and 2019 amendments to the CMA, Voketz's claims are now essentially moot:

(1) The three single-member districts and two at-large council seats under Ala. Code § 11-43A-8 are no longer mandatory.   To the contrary,  because Decatur has long been electing council members from single-member districts, Ala. Code § 11-43A-1.1 now *prohibits* Decatur from adopting the 3-2 council format. Decatur now must choose either four or six districts if it adopts the council-manager form of government, and those four or six single-member districts must be approved by the voters in a referendum.   So the Alabama Legislature has provided Voketz the flexibility to increase the number of single-member districts he has been asking this Court to order (pursuant to unprecedented and incoherent state constitutional theories), but before that can occur a new referendum must be held submitting the

9

number of council districts to the voters.

(2) Even if this Court somehow found a way to accept Voketz's invitation to ignore the time deadlines in the CMA that have long passed for implementing the results of the 2010 referendum, it could not order Decatur to enforce the results of that election, because the 2010 ballot did not comply with the notification to voters of whether they were being asked to approve either four or six single-member districts as is now required by Ala. Code § 11-43A-1.1.

Regardless of how Voketz characterizes the relief he seeks "going forward," this Court is bound to assess his amended complaint under **current** Alabama law. When the controlling statute is amended during the pendency of a civil action, "a court is to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary." *Bradley v. School Bd. of City of Richmond*, 416 U.S. 696, 711 (1974).

If Voketz were to argue that the 2018 and 2019 amendments should not be applied in this action, that this Court should address the claims in his amended complaint based on the CMA as it existed in 2010, judicially modifying its mandatory provision of only three single-member districts, he would be "challenging pre-*Shelby County* actions based on Defendants' failure to implement the referendum," the very

10

kind of retroactive relief the Eleventh Circuit said he disclaimed.  904 F.3d at 910.

Pursuant to the Court of Appeals' mandate, this Court must determine whether "Section 2 of the Voting Rights Act, the Constitution, ***or state law*** could impose some obstacle that prevents Defendants from implementing the 2010 referendum *now*." Id. (emphases added).  State law "now" is governed by the 2018 and 2019 amendments to the CMA, and a new referendum election with a ballot designating four or six single-member council districts must be conducted before Decatur can lawfully adopt the council-manager form of government.

If Voketz now were to ask this Court to apply § 11-43A-1.1 to the 2010 referendum election result and order the City Council simply to pass a resolution choosing either four or six districts, he would be asking for the kind of retroactive relief he has foresworn to both this Court and to the Court of Appeals.  And he would also be attempting to violate the rights of the citizens of Decatur to vote under § 11-43A-1.1 so as to have a say on the issue of whether they wanted a council-manager form of government with either four or six single-member council districts. The result of the 2010 referendum election is not Mr. Voketz's personal possession to modify as he chooses.

There is no statutory directive that would justify such a – judicially modified – retroactive application of the 2018 and 2019 amendments.  *Bradley*, 416 U.S. at

711; accord, *Contreras-Zambrano v. Social Security Administration*, 724 Fed. Appx. 700, 704 (11th Cir. 2018) (citing *Bradley*) (11th Cir. R. 36-2).  The same principles apply in Alabama law, requiring courts to "indulge every presumption in favor of construing actions of the legislature to have a prospective operation unless the legislature's intention is otherwise stated in express terms, or [its actions] clearly, explicitly, and unmistakably permit of no other meaning." *Alabama Ins. Guar. Ass'n v. Mercy Medical Ass'n*, 120 So.3d 1063 (Ala. 2013) (quoting cases).

Nor is there "manifest injustice" that could justify retroactive application of § 11-43A-1.1 to the 2010 referendum election.  The amendments made substantive changes, not mere remedial or procedural changes, in the CMA, authorizing more single-member districts than before and giving the City's voters the opportunity (and the right) to approve of either four or six districts.  *Baynes v. AT & T Technologies, Inc.*, 976 F.2d 1370, 1374-75 (11th Cir. 1992) (citing *Bradley*).  "[W]hether a statute may be applied retroactively turns on whether the statute affects substantive or procedural rights . . . .  Substantive laws are those that create, enlarge, diminish, or destroy vested rights.  Substantive law is the part of law that creates, defines, and regulates the rights, duties, and powers of parties." *Alabama Ins. Guar. Ass'n v. Mercy Medical Ass'n*, 120 So.3d at 1068 (citations and internal quotation marks omitted).  Mr. Voketz has no vested right to enforcement of the 2010 referendum, and

12

the 2018 and 2019 CMA amendments made substantive changes in the law; indeed,

they are essentially the changes Voketz wanted this Court to make judicially when he

filed his amended complaint.  But those changes may only be implemented under the

CMA with a new referendum in which the voters are afforded the ability to pass on

whether they approve of a four or six single-member council districts.

Conclusion.

There is no theory of law or equity that can support Voketz's claims for relief,

i.e., enforcement of the 2010 referendum election results, and his amended complaint

is due to be dismissed.


                                        s/ George W. Royer, Jr.
                                        George W. Royer, Jr.

LANIER FORD SHAVER & PAYNE, P.C.
P. O. Box 2087
2101 West Clinton Avenue,  Suite 102 (35805)
Huntsville, AL 35804
Phone: 256-535-1100 / Fax: 256-533-9322
E-mail: gwr@lfsp.com

13

s/ James U. Blacksher
James U. Blacksher

P.O. Box 636
Birmingham, AL 35201
Phone: 205-591-7238 / Fax: 866-845-4395
E-mail: jblacksher@ns.sympatico.ca

Attorneys for Defendants City of Decatur, Alabama,
City Council of Decatur, Tab Bowling, Don Kyle, Roger Anders,
Billy Jackson, Gary Hammon, Charles Kirby, and
Chuck Ard, Paige Bibbee and Kristi Hill

<u>CERTIFICATE OF SERVICE</u>

I certify that I have filed the foregoing with the Clerk of the Court using the ECF System, which will send notification of such filing to those parties of record who are registered for electronic filing, and further certify that those parties of record who are not registered for electronic filing have been served by mail by depositing a copy of the same in the United States mail, first class postage prepaid and properly addressed to them as follows:

> Carl A. Cole, III
> Russ Prickett
> The Cole Law Firm
> P.O. Box 2064
> Decatur, Alabama 35602
> Carl@CarlColeLaw.com
> russ@carlcolelaw.com
>
> Edward Still
> 429 Green Springs Hwy, Ste. 161-304
> Birmingham AL 35209
> still@votelaw.com

on this the 10th day of October, 2019.

> s/ George W. Royer, Jr.
> George W. Royer, Jr.