

FILED

2020 Feb-24  PM 04:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| GARY VOKETZ, for himself and on behalf of the citizens of Decatur, Alabama, and the State of Alabama, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| | )    Case No. 5:14-cv-00540-AKK |
| THE CITY OF DECATUR, ALABAMA, a municipal corporation, THE CITY COUNCIL OF DECATUR, TAB BOWLING, PAIGE BIBBEE, BILLY JACKSON, KRISTI HILL, CHARLES KIRBY, and CHUCK ARD, in both their individual and official capacities, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BASED ON MOOTNESS OF CLAIMS MADE IN THE AMENDED COMPLAINT

George W. Royer, Jr.
LANIER FORD SHAVER & PAYNE, P.C.
P. O. Box 2087
Huntsville, AL 35804

James U. Blacksher
P.O. Box 636
Birmingham, AL 35201

*Attorneys for Defendants City of Decatur, Alabama, City Council of Decatur, Tab Bowling, Paige Bibbee, Billy Jackson, Kristi Hill, Charles Kirby, and Chuck Ard*

<u>TABLE OF CONTENTS</u> [not required.  See Doc 81, Appendix II: "Briefs that
exceed twenty (20) pages must include a
table of contents that accurately reflects the organization of the document."]

## I.    Introduction

This motion for summary judgment supplements Defendants' motion for judgment on the pleadings and supporting brief filed October 10, 2019.  Docs. 82 and 83.  Because of the undisputed material facts and the amendments to the Council-Manager Act of 1982 in 2018 and 2019, the claims made in Mr. Voketz's amended complaint, Doc. 31, are now moot, and this action should be dismissed.

 Plaintiff Voketz asks this Court to require the City of Decatur to enforce the results of the referendum election held in April 2010 under the Council-Manager Act of 1982, either by ordering the City to use the three single-member and two at-large Council seats required by the unamended CMA or by ordering the City to adopt some number of single-member districts that would comply with federal law.  But the 2010 referendum election did not comply with the CMA as it has been amended in 2018 and 2019.  The current amendments prohibit Decatur from adopting the 3-2 format. Instead, the amended CMA would require Decatur to adopt either four or six single-member districts, but only after the voters are allowed to approve or not the Council's choice of four or six districts in a referendum to adopt the council-manager form of government.  The 2010 referendum election did not give Decatur's citizens that choice, and this Court cannot order Decatur to implement the results of a referendum election that did not comply with current state law.  So Plaintiff Voketz's lawsuit is

-1-

moot and should be dismissed.

## II.     Statement of Undisputed Relevant Material Facts

1.     Prior to 1988, the City of Decatur had a mayor-council form of government under which all five council members were elected by the City's voters at large.  Marks Declaration, Doc. 51-2, at ¶ 2.

2.     Currently the City of Decatur has a mayor-council form of government with five single-member council districts that was implemented in 1988 pursuant to a consent decree entered in *Dillard v. City of Decatur*, CA No. 87-T-1197-N (M.D. Ala., Nov. 13, 1987).  Marks Declaration, Doc. 51-2, at ¶ 3 and Exhibits 1, 2 and 3 thereto.

3.     Under the current mayor-council form of government, a black citizen, one of the five council members,  continues to be elected from District 1, which has a black voter majority.  Marks Declaration, Doc. 51-2, at ¶ 3.

4.     The *Dillard* consent decree required the City of Decatur to adopt an ordinance implementing the five single-member council district form of city government pursuant to Ala. Act No. 87-191, Ala. Code § 11-43-63, and provided that the court-ordered plan would remain in effect only until such ordinance was adopted.  Marks Declaration, Doc. 51-2, at ¶ 4 and Exhibit 1 thereto.

5.     Accordingly, when the five single-member Council districts were

redrawn by ordinance in 2004 and were precleared under § 5 of the Voting Rights Act, the *Dillard* action was dismissed.  Marks Declaration, Doc. 51-2, at ¶ 4 and Exhibits 2 and 3 thereto.

6.     In April 2010 a majority of those voting approved a change from the five single-member district plan approved in the *Dillard* litigation to a council-manager form of government pursuant to Ala. Code § 11-43A-1, *et seq*, as it existed at that time.  Marks Declaration, Doc. 51-2, at ¶ 5; Declaration of Steven P. Cole, Doc. 51-4, at ¶ 18.

7.     State law in 2010 required that the city council in such a council-manager form of government be composed of two council members elected at large, one of whom serves as mayor and presiding officer, and three council members elected from single-member districts.  Ala. Code § 11-43A-8.

8.     When the change to a council-manager form of government, the three-district plan, and related changes were submitted to the U.S. Department of Justice for preclearance under § 5 of the Voting Rights Act, the Chief of the Voting Section on December 19, 2011, sent the Mayor of the City of Decatur a request for additional information.   See Exhibit A to the complaint, Doc. 1-1, and Exhibit 4 to Marks Declaration, Doc. 51-2.

9.     Because the additional information requested by DOJ likely would have

shown that some or all of the proposed changes to the council-manager form of government would have violated the Voting Rights Act, Decatur withdrew its request for § 5 preclearance. Marks Declaration, Doc. 51-2, at ¶ 8 and Exhibit 5 thereto.

10.     In connection with the withdrawal of the request for preclearance, the Decatur City Council passed Resolution No. 12-019 on January 23, 2012. Marks Declaration, Doc. 51-2, at ¶ 8 and Exhibit 5 thereto.

11.     Resolution No. 12-019 provided, in pertinent part, as follows:

WHEREAS, the City Council, Mayor and City Staff with the assistance of the general public diligently sought to formulate a City of Decatur Voting District Plan under the provisions of the Council Manager Act of 1982 (State Law) which would meet the requirements of Federal Law;

WHEREAS, in October 2011 the City submitted to the U.S. Attorney General pursuant to Section 5 of the Voting Rights Act of 1965 a proposed change of government from Mayor-Council to the Council-Manager form of government; the change in the method of election from five single-member districts to three single member districts and two seats on the Council being voted on at large, and the resulting redistricting plan; as all required by the provisions of the Council Manager Act of 1982 (State Law);

WHEREAS, in December 2011 [ ] the Voting Section of the Civil Rights Division of the Department of Justice who is responsible to review Section 5 submittals informed the City that it was unable based on the information provided to pre-clear the City's submittal for the change in form of government and related items;

WHEREAS, municipalities in the State of Alabama have only the authority granted by State Law to form a particular form of government

-4-

and the City finds and determines that under the provisions of the Council Manager Act of 1982 (State Law) it is required to divide the city into three voting districts each containing as nearly an equal number of people as possible;

WHEREAS, it is mathematically impossible for the City to have three single-member voting districts with each district containing as nearly an equal number of people as possible that will not have a retrogressive impact on the Black voters of Decatur;

WHEREAS, the Council finds and determines that there is no additional information relating to the present Plan submitted or an alternative three single-member voting district plan authorized by the Council Manager Act of 1982 (State Law) which can be submitted to the U.S. Attorney General pursuant to Section 5 of the Voting Rights Act of 1965, that will enable the Justice Department to pre-clear such Plan;

\*    \*    \*

THEREFORE, BE IT RESOLVED by the City Council of the City of Decatur Alabama that the Mayor on behalf of the City is requested and authorized to notify the Voting Section of the Civil Rights Division of the Department of Justice that the City acknowledges its determination of December 2011; and accordingly withdraws the City's request for approval of the submitted three single-member voting district and two seats on the Council being voted on at large Plan because the city has no additional information to provide which will justify pre-clearance of the submitted Plan;

Exhibit 5 to Marks Declaration, Doc. 51-2.

12.     In addition to withdrawing its request for preclearance for the manager-council form of government and the method of election of that form of government, the City of Decatur submitted and obtained Section 5 preclearance of the current five

single-member Council districts, redrawn with 2010 census data.  Marks Declaration, Doc. 51-2, at ¶ 9 and Exhibit 6 thereto.

13.    The regularly scheduled 2012 and 2016 Mayor and Council elections were held under the precleared five single-member district plan and the current Decatur Mayor and City Council members were elected and hold office under that plan.  Marks Declaration, Doc. 51-2, at ¶ 10.

14.  This action was commenced by the filing of a complaint in the Circuit Court for Morgan County, Alabama, on February 27, 2014, by plaintiff Gary Voketz.  Doc. 1-1 at 1.  The complaint sought an order from the Circuit Court of Morgan County "declar[ing] § 11-43A-6 of the Council-Manager Act of 1982 mandatory and . . . [ordering] immediate implementation of the Act's provisions for the City of Decatur."  Doc. 1-1 at 12.   Plaintiff contended in his complaint that the changes in the form of government could be implemented without regard to  preclearance under Section 5 of the Voting Rights Act, 52 U.S.C. § 10304, on account of the Supreme Court's decision in *Shelby County v. Holder*, 570 U.S. 529 (2013).  Doc. 1-1 at 10-11.

15.  The City of Decatur had refused to implement the council-manager form of government because the statutorily mandated change in form of government would have had a retrogressive impact on black voters of Decatur and would violate the Voting Rights Act.  Doc. 51-2, Exhibit 5.  See also Doc. 3 at 9-11. On March 25,

2014, this case was removed to the United States District Court for the Northern District of Alabama.  Doc. 1.  Removal jurisdiction was premised on the "refusal clause" contained in  28 U.S.C. § 1443(2), and upon federal question jurisdiction, 41 U.S.C. 1441(c).  Id. at 6, 9.

16.  Following removal, the City of Decatur defendants moved for summary judgment, contending that implementation of the council-manager form of government would violate both Section 2, 52 U.S.C. § 10301, and Section 5 of the Voting Rights Act, 52 U.S.C. § 10304.  Doc. 4 at 3; Doc. 5 at 9, 21.

17.  A motion to remand was filed on April 10, 2014.  Doc. 9.  The motion to remand was denied on August 19, 2014,  Doc. 24, and Mr. Voketz  filed an amended complaint.  Doc. 31.

18.  The amended complaint raised novel state claims, all of which were alleged to be conditional and should be considered only if implementation of the method of election under the Council-Manager Act violates the Voting Rights Act. Doc. 31 at 8-20. On August 22, 2014, this Court granted the motion to intervene of Al Robinson and three other African-American citizens of Decatur.  Doc. 26.

19.   On October 2, 2014, the City defendants filed a motion for summary judgment and supporting brief with respect to the claims alleged in the amended complaint.  Docs. 34, 35.  The City defendants contended that *Shelby County* was

-7-

prospective in its application, and Decatur could not now lawfully implement the 2010 changes required under the Council-Manager Act that were unenforceable under Section 5 prior to the Supreme Court's decision in *Shelby County*.   Doc. 35 at 20. The Robinson intervenors joined the City defendants' motion for summary judgment. Doc. 38.

20.  On September 10, 2015, this Court entered an order denying the  motion for summary judgment.  Doc. 48.   It held that *Shelby County* applied retroactively and thus no longer provided Decatur a legal basis for failing to implement the 2010 council-manager change.   Id. at 16.   It concluded that the "real[] . . . issue" was whether implementing the council-manager form of government would violate Section 2 of the Voting Rights Act.   Id. at 4.

21.  On April 28, 2016, the City defendants filed a motion requesting this Court to reconsider its order, Doc. 48, denying their motion for summary judgment, Doc. 34, in light of the Supreme Court's decision in *Harris v. Arizona Independent Redistricting Commission*,  136 S. Ct. 1301 (2016).  Doc. 63.  After further briefing by the parties, on March 29, 2017, this Court granted the City defendants' motion for reconsideration, granted the motion for summary judgment, Doc. 34, and entered an order dismissing the case.  Doc. 70.  It held that, in light of the Supreme Court's holding in *Harris* that Arizona was still subject to Section 5 when it adopted its

redistricting plan and that *Shelby County* had not "invalidate[d]" Arizona's actions to comply with Section 5,  Doc. 70 at 4, the Decatur defendants had "acted reasonably in withdrawing the council-manager plan from consideration, and in obtaining approval instead for the redrawn five single-member district Mayor-Council plan." Doc. 70 at 8.

22.   Plaintiff Voketz appealed, and the Court of Appeals reversed this Court's judgment based on Section 5 of the Voting Rights Act. *Voketz v. City of Decatur*, 904 F.3d 902 (11th Cir. 2018).

23.   The Eleventh Circuit held that, "because Decatur is no longer a covered jurisdiction under § 4(b) – and thus no longer subject to § 5 – § 5 does not currently prohibit Decatur from altering its voting procedures. Although § 5 may have prohibited implementing the referendum without preclearance when it was originally passed before *Shelby County* (an issue we do not address here), that plainly is not the case now that Decatur is no longer a covered jurisdiction. Thus, § 5 cannot prohibit any voting procedure change that Decatur makes *now or in the future*.  904 F.3d at 909 (emphasis added).

24.   Mr. Voketz did not contend he could force Decatur to implement the results of the 2010 referendum retroactively, and the Eleventh Circuit did not address that issue.   Instead, the Court of Appeals said "Voketz seeks *only prospective*

*declaratory and injunctive relief that requires Decatur to implement the referendum going forward. Shelby County* need not be retroactive for Voketz to be entitled to such relief." Id. at 909-10 (emphases added).

25.  The Eleventh Circuit's opinion concludes: "It may be that Section 2 of the Voting Rights Act, the Constitution, *or state law* could impose some obstacle that prevents Defendants from implementing the 2010 referendum now. We do not know the answer to that question. What we do know is that Section 5 does not stand in the way."  904 F.3d at 910 (emphasis added).

26.  The Court of Appeals' decision was handed down September 13, 2018. During the pendency of the appeal, on April 6, 2018, the Legislature Amended the Council-Manager Act.  Ala. Act No. 2018-569.  See Exhibit A.  Act 2018-569 provided that Class 5 municipalities like Decatur

> having the mayor-council form of government, by resolution of the council, may provide for the adoption of the council-manager form of government under this article having a council composed of either five or seven members.  One member shall be the mayor elected at large, who shall be a voting member of the council. Either four or six members shall be council members elected either at large or from single-member districts, as the resolution shall provide. If a municipality   has single-member districts for the election of council  members when the council-manager form of government is adopted in the municipality, the municipality *shall continue with  either four or six council members elected from single-member districts* and the mayor shall be elected at large.

-10-

Id. at 1-2 (emphasis added).  So Decatur was now prohibited from adopting the three single-member districts and two at-large seats which governed the CMA at the time of the 2010 referendum.

27.  On June 7, 2018, plaintiff Voketz, through his attorneys, sent a letter to the defendant City of Decatur, its Mayor, Council members, and attorneys calling attention to Act 2018-569 and urging the Council "simply by a vote of the members to adopt the Council Manager Act" with six single-member districts.  See Exhibit B. The letter acknowledged that "[t]he Section Two arguments that the city has made centered around having only three council districts are now moot."  Id. at 2.

28.  But on June 4, 2019, the CMA was amended again.  Ala. Act No. 2019-360.  See Exhibit C.  This amendment authorizes a Class 5 municipality like Decatur to adopt the council-manager form of government only after the voters have approved it in a referendum election that specifies whether the Council will consist of four or six single-member districts.

The 2018 and 2019 amendments are now codified in Ala. Code § 11-43A-1.1:

> *Notwithstanding any other provision of this article*, after the judge of probate has certified to the mayor or other chief executive officer of the municipality the sufficiency of a petition asking that the question of the adoption of the council-manager form of government be submitted to the qualified voters of the municipality, any Class 4, 5, 6, 7, or 8 municipality having the mayor-council form of government, by resolution of the council, may provide for the council in a municipality

proposing to adopt the council-manager form of government to be composed of either five or seven members as follows: One member shall be the mayor elected at large, who shall be a voting member of the council and *either four or six members shall be council members elected either at large or from single-member districts*, as the resolution shall provide. *If a municipality has single-member districts for the election of council members when the council-manager form of government is adopted* in the municipality, the municipality *shall* continue with *either four or six council members elected from single-member districts* and the mayor shall be elected at large. *The question on the ballot shall indicate the composition of the mayor and council should the council-manager form of government be adopted*. If the adoption of the council-manager form of government is approved as provided in Section 11-43A-6, the municipality shall be governed by this article, except to the extent of any direct conflict in this article concerning the number and election of members of the council as provided in this section.

(emphases added.)

## III.   Discussion of Relevant Legal Authorities

Mr. Voketz has brought this action to enforce the results of the 2010 referendum election.  "Gary Voketz brings this action to redress the Defendants' refusal to honor the results of a referendum conducted pursuant to the Council-Manager Act of 1982 or to allow those results to be honored."  Doc. 31, ¶ 1. The prayer for relief in the amended complaint asks "That the court enter an order requiring the Defendants to implement the CMA to the extent allowed by law...."  Id., ¶ F.

-12-

Pursuant to the Court of Appeals' mandate, this Court must determine whether "Section 2 of the Voting Rights Act, the Constitution, ***or state law*** could impose some obstacle that prevents Defendants from implementing the 2010 referendum *now*." Id. (emphases added).  State law "now" is governed by the 2018 and 2019 amendments to the CMA, and a new referendum election with a ballot designating four or six single-member council districts must be conducted before Decatur can lawfully adopt the council-manager form of government.

Regardless of how Voketz characterizes the relief he seeks "going forward," this Court is bound to assess his amended complaint under **current** Alabama law. When the controlling statute is amended during the pendency of a civil action, "a court is to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary." *Bradley v. School Bd. of City of Richmond*, 416 U.S. 696, 711 (1974).

The 2010 referendum election did not comply with the current requirement of the CMA giving voters the choice of changing to a council-manager form of government with either four or six single-member Council districts, as the City Council by resolution must designate to be stated on the ballot.  The 2019 amendment of the CMA explicitly says its terms govern cities like Decatur "*Notwithstanding any*

-13-

*other provision of this article*, Ala. Code § 11-43A-1.1.  So Voketz's assertion that "[n]either the 2018 nor the 2019 amendments to the CMA changed the language of [Ala. Code § 11-43-5]," Plaintiff's renewed motion to remand, Doc. 86, at ¶ 4, is patently incorrect.

Thus plaintiff Voketz has no basis in either federal or state law for asking this Court to order the City of Decatur to "honor" the 2010 referendum.  All of the other issues raised in the amended complaint address alleged state or federal defects in the CMA as it existed in 2010, issues that plaintiff now concedes are moot.

If Voketz now were to ask this Court to apply § 11-43A-1.1 to the 2010 referendum election result and order the City Council simply to pass a resolution choosing either four or six districts, he not only would be asking for an injunction to violate state law, he would be asking for the kind of retroactive relief he has foresworn to both this Court and to the Court of Appeals.  And he would also be attempting to violate the rights of the citizens of Decatur to vote under § 11-43A-1.1 so as to have a say on the issue of whether they wanted a council-manager form of government with either four or six single-member council districts.  Mr. Voketz, like all other citizens of Decatur, has no vested interest in the 2010 referendum election that gives him the right to demand judicial enforcement of its results in violation of the amended CMA.

-14-

There are no allegations by any party that the Council-Manager Act of 1982, as amended in 2018 and 201,9 violates federal law on its face or as it applies to the City of Decatur.  This Court does not have authority to grant plaintiff Voketz relief that requires Decatur to violate Alabama law, even if the City agreed to do so in a consent decree.  "A federal consent decree or settlement agreement cannot be a means for state officials to evade state law.  'Some rules of law are designed to limit the authority of public officeholders ....  They may chafe at these restraints and seek to evade them, but they may not do so by agreeing to do something state law forbids.'"  *League of Residential Neighborhood Advocates v. City of Los Angeles*, 498 F.3d 1052, 1055 (9th Cir. 2007) (citations and internal quotation marks omitted).  "[U]pon properly supported findings that such a remedy is necessary to rectify a violation of federal law, the district court can approve a consent decree which overrides state law provisions. Without such findings, however, parties can only agree to that which they have the power to do outside of litigation."  Id. at 1058 (quoting *Perkins v. City of Chicago Heights*, 47 F.3d 212, 216 (7th Cir.1995)); accord, e.g., *St. Charles Tower, Inc. v. Kurtz*, 643 F.3d 264, 268 (8th Cir. 2011) ("While parties can settle their litigation with consent decrees, they cannot agree to 'disregard valid state laws.'") (quoting *Perkins*, 47 F.3d at 216) (quoting *People Who Care v. Rockford Bd. of Educ. Sch. Dist. No. 205*, 961 F.2d 1335, 1337 (7th Cir.1992)).

-15-

## CONCLUSION

The council-manager form of government may or may not be a good thing for Decatur.  If Mr. Voketz truly wants a manager with six single-member districts, he should use the process the Alabama Legislature has provided him to make such a change with the approval of his fellow citizens.  His attempt to obtain judicial enforcement of the 2010 referendum result, which if implemented would have violated the Voting Rights Act, and that now violates state law, is misguided.

Defendants are entitled to summary judgment in their favor as a matter of law. All the claims alleged in the amended complaint are now moot, and this action should be dismissed.

s/ George W. Royer, Jr.
George W. Royer, Jr.

LANIER FORD SHAVER & PAYNE, P.C.
P. O. Box 2087
2101 West Clinton Avenue,  Suite 102 (35805)
Huntsville, AL 35804
Phone: 256-535-1100 / Fax: 256-533-9322
E-mail: gwr@LanierFord.com

-16-

s/ James U. Blacksher
James U. Blacksher

P.O. Box 636
Birmingham, AL 35201
Phone: 205-591-7238 / Fax: 866-845-4395
jblacksher@ns.sympatico.ca

Attorneys for Defendants City of Decatur, Alabama, a Municipal Corporation, the
City Council of Decatur, Tab Bowling, Paige Bibbee, Billy Jackson, Kristi Hill,
Charles Kirby, and Chuck Ard

<u>CERTIFICATE OF SERVICE</u>

  I certify that I have filed the foregoing with the Clerk of the Court using the ECF System, which will send notification of such filing to those parties of record who are registered for electronic filing, and further certify that those parties of record who are not registered for electronic filing have been served by mail by depositing a copy of the same in the United States mail, first class postage prepaid and properly addressed to them as follows:

    Carl A. Cole, III
    Russ Prickett
    The Cole Law Firm
    P.O. Box 2064
    Decatur, Alabama 35602
    Carl@CarlColeLaw.com

    Edward Still
    429 Green Springs Hwy, Ste. 161-304
    Birmingham AL 35209
    still@votelaw.com

on this the 24th day of February, 2020.

        s/ George W. Royer, Jr.
        George W. Royer, Jr.